HAAK LUMBER CO. *v.* CROTHERS.

HUSBAND AND WIFE—CONVEYANCES—EFFECT — TENANCY BY ENTIRETY.

Where a husband conveys land by warranty deed to secure payment of money borrowed, his wife joining in the deed as such and not as owner, the deed operates as a mortgage, and a reconveyance to them as husband and wife by the mortgagee by quitclaim operates merely to discharge the mortgage, and does not create a tenancy by entirety.[1]

Error to Cheboygan; Shepherd, J.   Submitted October 11, 1906.   (Docket No. 56.)   Decided December 3, 1906.

Replevin by the Haak Lumber Company against George F. Crothers.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

James E. Holcomb and Emma, his wife, on July 3,

[1] For a review of the whole subject of tenancy by entireties, see note to *Hiles* v. *Fisher* (N. Y.), 30 L. R. A. 305.

1901, executed and delivered to plaintiff a deed of the timber on certain premises, containing the provision that "any timber remaining after May 1, 1904, shall revert to parties of the first part." Said Holcomb had, in April, 1900, contracted in writing to sell this land and other lands to one Archibald J. McKillop. McKillop sold the timber to plaintiff, receiving the pay therefor, and the timber deed was made by Holcomb by mutual consent; he having at the time title to the land. Pursuant to said contract, on May 24, 1902, the administrator of said Holcomb conveyed the premises to said McKillop by deed dated on said last-mentioned day. October 16, 1902, McKillop and his wife conveyed the land by warranty deed to certain persons to secure payment of money borrowed; the deed containing the recital:

"This deed is security for payment of three promissory notes, made by Archibald McKillop and Lizzie McKillop, of even date thereof, and the within descriptions are to be conveyed to them if said notes are complied with."

And on December 15, 1902, the said grantees reconveyed by a quitclaim deed to said McKillop, describing the grantees as "Archibald McKillop and Lizzie McKillop (husband and wife)." February 18, 1904, McKillop and his wife, described in the deed as "husband and wife, of the first part," conveyed the land to defendant. Plaintiff cut the timber on the land before May 1, 1904; but none of it was removed until after that date. December 5, 1903, agreeably with an oral arrangement before then made between plaintiff and McKillop, said McKillop made a deed to plaintiff of the timber in question in which it was recited:

"This deed is given for the purpose of extending the time for removing said timber which is now held by party of second part by virtue of a timber deed executed by James E. Holcomb and Emma B. Holcomb, his wife, dated July 3, 1901."

In terms, this deed gave until May 1, 1905, to remove the timber. This deed was not recorded until December

12, 1904. The wife of McKillop, though described as a grantor in the deed, did not sign it. Testimony was introduced tending to prove that his wife refused to sign the deed. The testimony also tended to prove that defendant, when he purchased the land, had notice of the claims and rights of plaintiff. The defendant refused to permit plaintiff to remove the timber, whereupon, in December, 1904, this action was begun. Timber valued at the sum of $770.11 was seized. Counsel for both parties asked for a directed verdict. There was a verdict and judgment in favor of plaintiff.

*C. S. Reilley*, for appellant.

*Charles D. Barghoorn*, for appellee.

OSTRANDER, J. (*after stating the facts*). A single question of fact was submitted to the jury, which was whether defendant had sufficient notice of the claim and rights of plaintiff. The case for defendant, appellant, is based upon a single proposition, which is that no extension of time in which to remove the timber was given. This proposition is in turn based upon the contention that McKillop and his wife were, when the extension was given, tenants by entireties of the land, by operation of the deed of December 15, 1902, executed to retransfer the title which had been conveyed as security for repayment of the loan. The argument made is that the legal effect of the words used in the deed in question is to create an estate by entireties, which effect cannot be changed by evidence dehors the deed itself. Counsel for the appellant relies upon the authority of *Jacobs* v. *Miller*, 50 Mich. 119, and *Morrill* v. *Morrill*, 138 Mich. 112. In *Jacobs* v. *Miller* the action was ejectment. It appeared that the land in question was conveyed by a guardian's deed, authorized by a decree in chancery, to Leo E. Taufkirch and Margaret Taufkirch, his wife, their heirs and assigns. Subsequent to the death of said Margaret, the surviving

grantee conveyed the entire estate in fee simple to defendants in ejectment. The plaintiffs were the heirs at law of Margaret, who had been divorced from their father, had married Taufkirch, and had lived with him as his wife until her death. Their contention was that in fact the second marriage of their mother was illegal, for the reason that the husband had, at the time of said marriage, a living wife; that consequently they did not take title to the land in question by entireties, but as tenants in common. It was held error to allow plaintiffs to contradict the prima facie legal operation of the guardian's deed, under which both parties claimed, and to change the estate from that which the terms of the deed unequivocally marked out to another and wholly different estate, not within the meaning of the words of the instrument. The principle applied was that the effect due to the plain words of a deed cannot be contradicted by parties or their privies in any collateral matter by parol evidence. To the same effect are *Morrill* v. *Morrill* and many other decided cases.

We are not required to consider what effect would be given to the deed in question here, if it had been made by persons appearing to own the title, for a valuable consideration, to persons neither of whom had any estate, legal or equitable, in the land, and without notice of plaintiff's rights. McKillop owned the land when he conveyed it as security. Mrs. McKillop joined in the deed as wife, and not as owner. The instrument was a mortgage. *Cowles* v. *Marble*, 37 Mich. 158. The equity of redemption remaining in McKillop was essentially a legal estate in the land (*Gorham* v. *Arnold*, 22 Mich. 247; *Hoffman* v. *Harrington*, 33 Mich. 392; *Batty* v. *Snook*, 5 Mich. 231; *Caruthers* v. *Humphrey*, 12 Mich. 270; *Hazeltine* v. *Granger*, 44 Mich. 503; *Wagar* v. *Stone*, 36 Mich. 364), and could be conveyed only by some instrument in writing (*Rawdon* v. *Dodge*, 40 Mich. 697 ). The effect of the quitclaim deed of the mortgagees was to release the mortgage and to merge the title in McKillop. It appears,

therefore, that the deed which, it is claimed, operated by its terms to create an estate by entireties in defendant's immediate grantors, was not made by one who had, or who appeared to have, the entire estate in the lands. To permit this fact, appearing in the chain of defendant's title, to be relied upon by plaintiff to establish his rights derived from McKillop, is not a violation of the rule of *Jacobs* v. *Miller*, supra. The bill of exceptions contains all of the testimony given upon the trial. In my opinion it conclusively establishes the fact that Mr. McKillop executed and delivered to plaintiff the deed extending the time for removing the timber. It is also conclusively established that defendant bought with notice of plaintiff's claim and right. It was immaterial whether the wife of McKillop did or did not join in the deed of the timber, and the circuit judge should have directed a verdict for the plaintiff.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.