HOWELL *v.* WIEAS.

1. HUSBAND AND WIFE—DEEDS—TENANCY BY ENTIRETIES.
   Where a husband divested himself of the entire record
   title to a farm, and took back from the grantee an un-
   recorded contract to repurchase, which he later sur-
   rendered and directed the grantee to convey to himself
   and wife, they giving contemporaneously therewith a mort-
   gage to cover the balance owing on the contract, the
   contract merged in the deed and thereunder the husband
   and wife had one and the same interest, constituting an
   estate by the entireties.[1]

2. SAME—UNITY OF POSSESSION.
   That there was no change in possession after the giving
   of the deed, *held*, not material to the creation of an estate
   by the entireties, since, as between husband and wife
   living together on the premises, it would hardly be pos-
   sible to make any formal change of possession; his recog-
   nizing her rights under the deed being sufficient.[2]

Appeal from Missaukee; Lamb (Fred S.), J.   Sub-
mitted April 8, 1925.   (Docket No. 40.)   Decided
October 1, 1925.

Bill by Heber A. Howell and another against Ella
Wieas, individually and as administratrix of the estate
of Edwin Wieas, deceased, to subject real estate to the
payment of debts.   From a decree for plaintiffs, de-
fendant appeals.   Reversed, and decree entered for
defendant.

*Henry Miltner*, for plaintiffs.

*A. J. Engel* (*A. W. Penny*, of counsel), for defend-
ant.

McDONALD, C. J.   This bill is filed to subject real
estate claimed to be held by right of survivorship to

[1]Husband and Wife, 30 C. J. § 93 (Anno); [2]Id., 30 C. J. § 93
(Anno).
On effect upon character of estate as one by entireties under
a conveyance to both spouses, of the fact that one of them already
had an estate in the land, see notes in 30 L. R. A. 325; 25
L. R. A. (N. S.) 169.

the payment of the debts of the deceased.      Edwin Wieas was the owner in fee of certain farm lands on section 30 in the township of Pioneer, Missaukee county, Michigan.      Ella Wieas was the wife and had lived with him on this land for a great many years. On the 24th of November, 1909, he made a loan of $1,305 of Emma R. Morey, who resided in Lake City, Michigan.      Wieas gave a warranty deed in which his wife joined, to Emma R. Morey, and she gave him back a contract to purchase the property for $1,305. Mr. Wieas paid $305 and interest on this contract. On December 12, 1914, by agreement between Mr. Wieas and Mrs. Morey, she conveyed the land by warranty deed to "Edwin Wieas and Ella Wieas, of Morey, Michigan, husband and wife, as tenants by the entireties."      On the same day they gave back a mortgage for $1,000 which was the balance then due on the contract.      Mr. and Mrs. Wieas continued to live on the property until the time of his death in January, 1924.      Mrs. Wieas was appointed administratrix of his estate, but refused to inventory this land as a part of the estate of Edwin Wieas, claiming that it belonged to her by right of survivorship.      The plaintiffs come into the case as creditors of Edwin Wieas.      They are assignees of a note given by Mr. Wieas to Thomas Kelly.      On September 11, 1911, Wieas borrowed $1,500 of Kelly and gave a deed of certain land in section 11, Pioneer township, Missaukee county, Michigan, and took back a contract.      He also gave a note as evidence of the indebtedness.      Kelly deeded to the plaintiffs and assigned the contract and note.      Nothing has been paid on the principal of this note.      The plaintiffs deny that the property in section 30 belongs to Mrs. Wieas by right of survivorship, and have filed this bill to compel her to inventory it as a part of her husband's estate and subject it to the payment of his debts.      The circuit judge was of the opinion that the deed from Mrs.

Morey to Edwin Wieas and Ella Wieas did not vest in them the title as tenants by the entireties, that the deed to Mrs. Morey was a mortgage and that the reconveyance by her operated only to discharge the mortgage and re-invest the title in Mr. Wieas. From the decree entered the defendant has appealed.

The only question involved is whether the deed from Emma R. Morey to Edwin Wieas and Ella Wieas, husband and wife, created and vested in them an estate by the entireties. In his brief counsel for the plaintiffs states their position on this question, as follows:

"The plaintiffs claim that the original transaction between Wieas and Mrs. Morey in 1909 constituted a mortgage; that Wieas, as record owner, at all times had the equity of redemption; that Mrs. Morey never had the entire of the legal title in herself, and therefore could not convey it; that her deed to Wieas and his wife in 1914 operated only as a discharge of mortgage; that none of the conditions essential to the creation of a tenancy by the entireties were met by the deed from Mrs. Morey to Wieas and his wife; and that, therefore, at the death of Wieas, the real estate in question became a part of his estate and his widow did not take by right of survivorship."

In support of this contention, *Haak Lumber Co.* v. *Crothers,* 146 Mich. 575, is cited and relied on. In that case the husband conveyed land by warranty deed to secure payment of money borrowed, his wife joining in the deed as such and not as owner. It was held that the deed operated as a mortgage, and that a reconveyance to them as husband and wife by quitclaim deed from the mortgagee operated merely to discharge the mortgage, and did not create a tenancy by the entireties. There are many features in that case similar to those in the case at bar, but there is one important distinction. In that case the deed showed on its face that it was a mortgage. It contained the following recital: '

"This deed is security for payment of three promissory notes, made by Archibald McKillop and Lizzie McKillop, of even date thereof, and the within descriptions are to be conveyed to them if said notes are complied with."

The grantee in this deed acquired no title. The legal title remained in Archibald McKillop. So when the grantee undertook by conveyance to Archibald McKillop and Lizzie McKillop, husband and wife, to create in them an estate by the entireties, he failed because he had no legal title to convey. The record showed he had only a mortgage. In the instant case the contract was not recorded. The deed which was of record was absolute in form and showed the entire legal title in fee to the property to be in Mrs. Morey. She had a title to convey and Mr. Wieas directed that it be conveyed to him and his wife as tenants by the entireties. We have said that where a husband holds the record title to real estate and desires to create an estate by the entirety, the proper course to be pursued is to deed to a third party, who in turn deeds to the husband and wife. The reason for requiring a deed to a third party is that the husband must divest himself of the legal title so that there may be created in him and his wife that unity of title and interest necessary in an estate by the entireties. In this case Mr. Wieas divested himself of the entire legal title of record when he gave an absolute deed to Mrs. Morey. And that is the important and controlling fact in this case. Mrs. Morey held the entire legal title of record. In *Crittenden* v. *Canfield*, 87 Mich. 152, it was held that where a party had given a deed absolute in form for the security of a debt, the legal title was in the grantee. Edward C. Gallop and his wife Elizabeth gave a deed to his brother James, absolute in form, but to secure the payment of an indebtedness due to James, and subsequently at the instance and direction of Edward, James deeded

to Elizabeth. It was claimed that the only interest of James in the property was a mortgage interest, and that by his deed to Elizabeth she acquired no greater interest than that held by him. Of this the court said:

"Whatever interest James had at the time of the conveyance to Elizabeth, the legal title was in him. By the conveyance to Elizabeth, the legal title was vested in her. * * * Edward C. Gallup having an equitable right to a reconveyance from James had an undoubted right to relinquish such equitable interest and bestow it by way of gift upon Elizabeth; and when the title was conveyed to her at his request it became a gift as valid as if he had taken a reconveyance from James, and conveyed direct to her, in consideration of love and affection and in anticipation of approaching death."

However, there is a question in the instant case that was not involved in *Crittenden* v. *Canfield.* In that case the grantee gave back no written contract for a reconveyance on payment of the debt. The court held that as the equitable right to a reconveyance rested in parol, it could be released by parol. In this case there was a written contract from Mrs. Morey to Mr. Wieas which was not assigned to her before she gave the deed in question. Because of this the plaintiffs claim that an estate by the entireties was not created, that Edwin Wieas did not divest himself of his prior interest, and that therefore he and his wife did not have one and the same interest.

This contract was not of record and Ella Wieas was not a party to it. But it was paid by the giving of a mortgage contemporaneously with the deed. The deed was given in accordance with the contract to convey on performance by Wieas. He performed satisfactorily to Mrs. Morey and at his direction she gave a deed to him and his wife as tenants by the entireties. Under these circumstances the contract merged in the deed and thereafter the only interest

which Edwin Wieas could have appeared in the deed, which on its face gave him and his wife one and the same interest.    2 Devlin on Real Estate (3d Ed.), § 850*a*.

In 13 R. C. L. p. 1109, § 131, it is said:

"If an estate in fee is conveyed jointly to spouses in which one already has a lesser estate, it seems that an estate in fee in entirety will be created, and the lesser particular estate of the one spouse would be merged in the fee, though there is authority to the contrary."

We think that no assignment was necessary because the estate was created by the same instrument, and the very instant it was created any prior interest of the husband became merged in the deed.    In this view of the case there was a unity of person, time, title and interest, but the plaintiffs say there was still lacking the unity of possession; that Edwin Wieas had been in possession of the land for 46 years as holder of the fee, that his wife lived with him, and that there was no change in possession on giving of the deed.    As between husband and wife it would hardly be possible to make any formal change of possession. It is sufficient that he recognize her rights under the deed.    This he did.    *Murphy* v. *Stever*, 47 Mich. 522.

The good faith of the parties in giving and accepting this deed is not questioned.    In fact the testimony shows that at the time Mr. Wieas was solvent, and any subsequent change in his financial worth was due to a depreciation in the value of the land.

No other questions require discussion.

The decree of the circuit judge is reversed and one will be entered in this court in accordance with this opinion.    The defendants will have costs.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.