HUEBNER *v.* LASHLEY.

1. MECHANICS' LIENS—STATUTE STRICTLY CONSTRUED UP TO TIME LIEN ATTACHES.

    The statute governing mechanics' liens proceedings up to the time the lien attaches is to be strictly construed.

2. SAME—LIEN VALID WHERE TRUE OWNERS NAMED IN CLAIM— NAMING OF MORTGAGEE NOT NECESSARY.

    Although under the statute (3 Comp. Laws 1915, § 14800), a lien must fail unless the name of the owner of the land is set forth in the claim, it is valid if the true owners are named; and that others having an interest are also named, and that one having a mortgage interest is not named, does not render it void.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 28, 1927. (Docket No. 99.) Decided June 6, 1927.

Bill by Julius J. Huebner, doing business as Huebner Manufacturing Company, against Walter Lashley, Sovcik & Meyers, copartners, John Dybolski, Mary Dybolski, Peter J. Bachor and others to foreclose a mechanic's lien. From a decree for plaintiff and de-

---

[1]Mechanics' Liens, 40 C. J. § 14; [2]Id., 40 C. J. §§ 244, 246, 258, 273; 2 A. L. R. 794; 18 R. C. L. 935; 4 R. C. L. Supp. 1225.

fendant Sovcik & Meyers, defendants Dybolski and Peter J. Bachor appeal. Affirmed.

*Frank Day Smith,* for plaintiff.

*Arthur J. Adams,* for defendant Sovcik & Meyers.

*Ignatius J. Salliotte,* for defendants Dybolski and Bachor.

SNOW, J. The plaintiff filed a claim of lien against certain land in Hamtramck, Wayne county, and the building erected thereon by a contractor, one Walter Lashley, pursuant to a contract with John and Mary Dybolski. In this claim of lien the Dybolskis were named as equitable owners, and Walter Lashley and Lyness E. Tromley, as part owners claiming interest. The defendants Sovcik and Meyers also filed a claim of lien against said land and building, naming Walter Lashley as the owner and John and Mary Dybolski as land contract purchasers. In this suit to foreclose, in which both claimants are parties, each was decreed to have a lien for the amount claimed. The Dybolskis have appealed, and contend the liens should not attach because at the time of the filing of the claims they were not the owners of the land, having conveyed same. theretofore to the contractor Lashley, who in turn had transferred to one Tromley above mentioned.

For a number of years prior to 1923 the Dybolskis had owned this land. In February of that year they contracted with the above named Lashley to erect a building thereon. To finance the same and secure payment of the contract price, they conveyed him the land and took back an executory land contract, providing for the erection of the building. This was in June, 1923. Lashley began work, and on June 22, 1923, to raise some $900, conveyed to defendant Lyness E. Tromley, who loaned him such an amount. The deed to Tromley was recorded June 25, 1923, some

months prior to the filing of the claims of lien.    The contractor, Lashley, later absconded, and Tromley, conceding that he had no claim to the property except as security for the loan he had made Lashley, released it upon payment by the Dybolskis, and, in accordance with their instruction, deeded it to a relative of theirs, one Peter J. Bachor.    The above facts are either conceded or clearly established by the record.

1. Lien of plaintiff, Julius J. Huebner.    Defendants' sole objection to this claim of lien is disposed of by the fact that the owners of the land were correctly named therein.

2. Lien of defendants, Sovcik and Meyers.    In this claim of lien, Tromley, whose deed had been recorded, was not mentioned.    Section 14800, 3 Comp. Laws 1915, provides the claim shall set forth, among other things, "the name of the owner, part owner or lessee, if known."    But Tromley was not the owner of the land.    He never had or claimed an interest in it other than that of a mortgagee.    He released that interest upon payment to him of the amount of his loan. Lashley's deed, too, was given as security.    The Dybolskis were the true owners, and they were named in the claim of lien, were served with all statutory notices, and were properly made defendants in this suit.    The fact that Peter J. Bachor now holds the record title is of no consequence, since he holds it in trust for the Dybolskis who are still the real owners.

It is true that the statute governing lien proceedings up to the time the lien attaches is to be strictly construed.    *Grand River Lumber & Coal Co.* v. *Glenn*, 234 Mich. 310, and many other cases.    And it has also been held that the lien must fail unless the name of the owner is set forth in the claim of lien.    *Waters* v. *Johnson*, 134 Mich. 436; *John F. Noud & Co.* v. *Stedman*, 193 Mich. 459.    In the instant case, the Dybolskis were the owners.    In each of the claims filed they were named and treated in all subsequent

proceedings as such.    That others having an interest too were mentioned does not render the claims void. Nor does the fact that Tromley, with a mortgage interest, was not named.    We think all proceedings we're fully within the statutory requirements, and the liens should attach.

The decree of the trial court is therefore affirmed, with costs to plaintiff Huebner and defendants Sovcik and Meyers to be taxed against the appellants.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.