### JORDAN *v.* DILTZ.

1. HUSBAND AND WIFE—DEED ABSOLUTE ON FACE VESTED TITLE IN GRANTEE NOTWITHSTANDING SEPARATE CONTRACT TO RECONVEY.
   A warranty deed by husband and wife to premises owned by him and occupied by them as a homestead, absolute on its face, vested the legal title in the grantee, although at the same time the deed was executed the grantee gave back a writing reciting that title was invested in it as security for an indebtedness of the husband, and agreeing to reconvey on payment thereof.

2. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE—ESTATES BY ENTIRETIES.
   Where a husband and wife deeded a homestead, title to which was in the husband, and at the same time the grantee agreed to reconvey on payment to it of the husband's indebtedness, and it is not shown that at that time the husband was insolvent, reconveyance to them a few days before the husband's voluntary bankruptcy vested title in them as tenants by the entireties, and said conveyances may not be set aside at the instance of the trustee in bankruptcy as in fraud of the husband's creditors.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 14, 1927. (Docket No. 110.) Decided October 3, 1927. Rehearing denied December 1, 1927.

Bill by John F. Jordan, trustee in bankruptcy of Samuel E. Diltz, against Samuel E. Diltz and others to set aside conveyances of real property in fraud of creditors. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*A. F. Freeman,* for plaintiff.

*Wurzer & Wurzer,* for defendants.

[1]Mortgages, 41 C. J. § 140 (Anno); [2]Fraudulent Conveyances, 27 C. J. § 253; Husband and Wife, 30 C. J. §§ 85, 92.

CLARK, J. Sam E. Diltz, upon his voluntary petition, was adjudged bankrupt on January 12, 1923. There are proven unsecured claims of considerable amount, and practically no assets. The trustee filed bill to set aside conveyances of a house and lot in Detroit and to subject the property to payment of debts. Mr. Diltz was engaged in buying lots, building thereon, and selling. He and his wife had owned homes as husband and wife which had been sold and the avails used in his business, in which he himself acquired title to the lot in question and on which he put up a dwelling, which premises were—occupied by them as a home and homestead. For material for erecting this dwelling and for other building Mr. Diltz was indebted to City Lumber Company, a Michigan corporation, in a large amount, to secure payment of which Mr. and Mrs. Diltz, on March 15, 1921, deeded to the lumber company the premises in question and other property.

The deed is the ordinary or straight warranty and contains no recital that it was for security. It states that it is subject to two mortgages. At the same time the lumber company gave back to Mr. and Mrs. Diltz the following writing:

"Agreement made this date between Sam E. Diltz and Lena Sage Diltz, the City Lumber Company, a Michigan corporation, as follows:

"That in consideration of the City Lumber Company having title invested in them, as security for open account and notes of Sam E. Diltz, certain properties described as follows (describes the lot in question and other property):

"That the above described property is deeded to the City Lumber Company only as security and does not relieve S. E. Diltz from paying amount of notes and open account of the City Lumber Company from the proceeds of sale of other property as rapidly as possible.

"That as the indebtedness of S. E. Diltz to the City

Lumber Company is paid, the City Lumber Company agrees to reinvest the title of the above described property in Sam E. Diltz and wife.

"It is understood that all expenses such as taxes, insurance, interest, etc., against the above property is to be borne by S. E. Diltz while same is in the hands of the City Lumber Company.

(Signed)    "CITY LUMBER CO.,<br>
"T. E. STINSON, Sec'y.<br>
"SAM E. DILTZ."

Diltz paid his indebtedness to the lumber company, and it, on January 8, 1923, conveyed the premises in question by warranty deed to "Sam E. Diltz and Lena Sage Diltz, his wife."

Practically all of the claims of said creditors, as the record shows, arose after the transfer of the home to the lumber company and its agreement to reconvey to Diltz and his wife.

The record does not show that Mr. Diltz was insolvent on March 15, 1921. He said he was not and his counsel's attempt to show his financial condition as of that date was blocked by objection of plaintiff's counsel, sustained by the court. In our view of the case it is not necessary to refer to other defendants. Plaintiff had decree. Certain defendants have appealed.

The deed by Mr. and Mrs. Diltz vested the legal title to the premises in the City Lumber Company. *Howell* v. *Wieas,* 232 Mich. 227; *Crittenden* v. *Canfield,* 87 Mich. 152. If the deed in this case had recited and shown on its face that it was given as security for the payment of debt, *Haak Lumber Co.* v. *Crothers,* 146 Mich. 575, might be controlling and plaintiff's contention that City Lumber Company did not have title to the premises and therefore could not pass title might be sustained. But as the lumber company took legal title it could and did convey the same.

That there was consideration for the agreement to reconvey as to both Mr. and Mrs. Diltz requires no

discussion.   The agreement, quoted, fixes their rights as of March 15, 1921.   Upon payment they were entitled to specific performance of the agreement.   That the said transactions of March 15, 1921, were then in fraud of creditors, plaintiff has not shown.   The case is ruled by *Howell* v. *Wieas, supra,* which is accessible and from which we need not quote.

That the premises in question, held by Mr. and Mrs. Diltz as tenants by the entireties, may not be taken to satisfy creditors of Mr. Diltz need not be discussed.

Reversed, and bill dismissed, with costs to appellants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.