SKUPINSKI *v.* PROVIDENT MORTGAGE CO.

1. MORTGAGES—DEED AND CONTRACT BACK CONSTITUTE MORTGAGE.
   A deed and a contract back to the grantors, having been executed for the purpose of security, constituted a mortgage, and recording them as deeds would not protect the mortgagee as against a subsequent *bona fide* purchaser from the mortgagors, whose conveyance should be first duly recorded.

2. DEEDS—FORGERY—BONA FIDE PURCHASER.
   Under a forged deed the *bona fides* of a purchaser from the grantee raises no superior rights.

3. Mortgages—Mortgage Recorded as Deed—Notice of Contract Rights.

     Where a deed showing on its face that it was executed as security only, and that the grantors had a contract interest therein, was altered and recorded as a deed, and the contract back to the grantors was also recorded as a deed, the situation reverted to that of unrecorded instruments, one of which was forged; and, under such circumstances, the deed must be read as written and would have given notice of grantors' contract interest.

4. Same—Absolute Deed Although Given as Mortgage Conveys Legal Title—Rights of Good Faith Purchaser.

     A deed absolute, given as a mortgage, but which contains no suggestion of its security character, conveys the legal title to the grantee, and unless the defeasance instrument is recorded, conveyance from the grantee to a subsequent purchaser in good faith and without notice would pass title.

5. Same—Recording Deed and Contract Back as Deeds Gave Notice of Contract Rights.

     Where a deed given as security only was recorded as a deed, the recording of the contract back to the grantors as a deed also was logical (3 Comp. Laws 1915, § 11773), and while the record did not give notice that the transaction was in fact a mortgage, it charged the world with notice of the contract affecting the record title.

6. Same—Forgery—Ratification—Estoppel.

     Grantors, who executed a deed as security only, but which was altered and recorded as an absolute deed, *held*, under the record, not to have ratified the forgery, and, therefore, are not estopped from denying the validity of a subsequent mortgage executed by the grantee.

7. Same—Subrogation—Mortgagee With Notice of Contract Rights Not Entitled to Lien Superior Thereto.

     Where a mortgagee had notice of the contract rights of the original grantors in the premises, and none of the proceeds of the mortgage went to their benefit, a subsequent mortgagee who repaid the mortgage, and whose rights are subject to the rights of said grantors, is not entitled to a lien therefor; there being no basis for subrogation.

8. MECHANICS' LIENS—LIEN DOES NOT ATTACH UNLESS OWNERS NAMED IN STATEMENT.

Under 3 Comp. Laws 1915, § 14800, the statement of lien must give "the name of the owner, part owner or lessee, if known," or it does not attach.

9. SAME.

Where plaintiffs were owners in fact, and the record disclosed an interest under contract of purchase, but they were not named as owners in the statement of lien, the lien did not attach to their interest.

10. SAME—LIEN MAY ATTACH TO BUILDING SEPARATE FROM LAND WHERE INTERESTS SEPARABLE.

The mechanics' lien statute (3 Comp. Laws 1915, § 14798) authorizes the imposition of a lien on a building separate from the land, where the party contracting has no title to the real estate, and provides for subrogation of a lienor to the rights of a contracting vendee in a land contract in case of surrender or forfeiture.

11. SAME.

Under 3 Comp. Laws 1915, § 14796, a materialman's lien will attach as against the owner of the record title, although it is subject to the rights of contract purchasers.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 15, 1928. (Docket No. 75, Calendar No. 33,326.) Decided October 1, 1928.

Bill by Peter Skupinski and another against the Provident Mortgage Company, William G. Hamilton and Thomas C. Hamilton, copartners as R. E. Hamilton's Sons, Stanley Poleski, and others to set aside a deed, to enjoin the foreclosure of a mortgage, and to adjust the rights of lien claimants under a building contract. From a decree for plaintiffs, defendants Provident Mortgage Company and Hamilton appeal. Modified and affirmed.

*Frank C. Cook* and *John P. O'Hara,* for plaintiffs.

*Campbell, Bulkley & Ledyard (Harold R. Smith,* of counsel), for defendant Provident Mortgage Co.

*Ralph E. Routier,* for defendants Hamilton.

*Arthur A. Koscinski* and *Robert J. Wojcinski,* for defendant Poleski.

FEAD, C. J.   Plaintiffs, owning a vacant lot in the city of Detroit and desiring to build a store on it, made an arrangement with Frank Will, under which, on May 18, but as of April 7, 1925, plaintiffs deeded the lot to the Will Investment Company, a corporation, the latter executed back to plaintiffs a land contract for the purchase of the premises at $13,900, in addition to the down payment represented by the agreed value of the lot, and the parties made a construction contract by which 'Will Investment Company agreed to erect the building for $13,900, with bond for performance.

When delivered to Will, the deed contained a clause substantially reading:

"This deed is given in connection with a contract for reconveyance and a building contract entered into between said parties on the date hereof."

When the deed was recorded on June 16, 1925 (in a book of deeds), this clause had been erased.

The land contract contained the clauses:

"The party of the first part reserves the right to mortgage said premises in any amount not to exceed its equity in said premises and the parties of the second part hereby consent ~~that said mortgage or mortgages shall be superior to the equity of the parties of the second part in and to said premises~~ to same.

"This contract is made in connection with a certain building contract entered into between said parties on the date hereof."

On June 15th, Will Investment Company borrowed $3,000 from one Fred L. Smith and gave him, as security, a deed of the property, which was recorded in a book of deeds on June 16th. No part of the proceeds of this loan went into the Skupinski job. Will said he gave Smith the original deed from plaintiffs, unaltered. Smith was not produced as a witness. The deed has disappeared.

Will, in June, consulted A. G. Mezerick about permanent financing of the job by mortgage and sale of the land contract. Mezerick, through application in Will's name, negotiated a 90-day mortgage for $8,000 with the Provident Mortgage Company. The loan was not made in reliance on the record title but on the statement of ownership in the application and on the expectation that it would be taken up with the proceeds of a long-time mortgage Mezerick was negotiating. The Provident Mortgage Company paid Fred L. Smith $3,356.30, and Smith deeded back to the Will Investment Company, which executed the mortgage on July 30th. This deed and the mortgage were recorded August 7th. The Provident Mortgage Company charged $490 for its services and expense, paid Will $1,175, and expended the balance of the $8,000 mostly to materialmen and laborers on the Skupinski job.

Skupinski has little education and speaks English poorly, but exhibited commendable caution in this transaction, seeking and taking advice and watching his interests closely. When the construction did not proceed promptly, he became alarmed, and, about July 6th, examined the Wayne county tract index and discovered the Smith deed. He sought out Smith and Will, both of whom assured him the deed was taken as security. After consulting advisers and feeling that the clause in the deed might not pro-

tect him sufficiently, he caused his land and building contracts to be recorded, in a book of deeds, on July 6th.

Later, Skupinski, in another search of the tract index, discovered the Provident Mortgage Company mortgage, went to the office of that concern, consulted its secretary, told him he owned the property, explained his contract interest, complained of the payment of Fred Smith's loan, suggested that no more money be paid to Will, and then and on subsequent visits urged the fulfillment of the building contract by use of the loan to pay for materials and labor.

Upon one important proposition, a view of the witnesses would be helpful. The circuit judge found, and we accept the finding, that Skupinski did not know, until January, 1926, that the deed to Will Investment Company had been altered before recording.

After correspondence beginning in October, through his attorney, Skupinski, in January, took over the completion of the building and finished it at a cost of $2,246.72.

The Provident Mortgage Company began proceedings to foreclose its mortgage by advertisement. Plaintiffs filed this bill to have the Will Investment Company deed declared void, to enjoin the foreclosure, and for general relief, joining lien and attachment claimants. The court found that plaintiffs owed $8,296.89 on their contract, ordered payment under its terms, allowed some of the liens, denied others, and granted the Provident Mortgage Company foreclosure as against the interest of the Will Investment Company only. The Provident Mortgage Company and R. E. Hamilton's Sons, a lien claimant, have appealed.

Provident Mortgage Company. The deed and contract, having been executed for the purpose of security, constituted a mortgage. *Huebner* v. *Lashley,* 239 Mich. 50. Recording them as deeds would not protect the mortgagee as against a subsequent *bona fide* purchaser from the mortgagor, whose conveyance should be first duly recorded. *Grand Rapids National Bank* v. *Ford,* 143 Mich. 402 (8 Ann. Cas. 102, 114 Am. St. Rep. 668). Upon these principles, counsel for this defendant contend that it was not charged with notice of plaintiff's contract because it was not recorded as a mortgage.

Defendant cannot blow hot and cold upon the effect of the record. If the recording of the contract as a deed was ineffective as notice, because it was part of a mortgage, by the same token the recording of the deed, which was part of the same mortgage, was of no more effect, and the situation would revert to that of unrecorded instruments, one a forged deed, under which the *bona fides* of a purchaser raises no superior rights. *Horvath* v. *National Mortgage Co.,* 238 Mich. 354; 1 R. C. L. p. 1002. In such situation, the deed must be read as it was written before the forgery and would have given notice of plaintiffs' contract interest. As the character of the record concerns other interests, however, its effect cannot be left to rest solely on this ground.

The statute permitting the recording of land contracts does not name the book in which the record shall be made, but states that the record shall have the "same force and effect as to subsequent encumbrancers and purchasers, as the recording of deeds and mortgages." 3 Comp. Laws 1915, § 11773. A deed absolute, given as a mortgage, but which contains no suggestion of its security character, con-

veys the legal title to the grantee. *Howell* v. *Wieas,* 232 Mich. 227; *Jordan* v. *Diltz,* 240 Mich. 512. *Contra, Flynn* v. *Holmes,* 145 Mich. 606 (11 L. R. A. [N. S.] 209); *Restrick Lumber Co.* v. *Wyrembolski,* 164 Mich. 71. Unless the defeasance instrument is recorded, conveyance from the grantee to a subsequent purchaser in good faith and without notice would pass title. 3 Comp. Laws 1915, § 11723. The recording of the deed at bar, as a deed, was a claim of title. The recording of the land contract as a deed was logical, to give notice that whatever title was claimed under the recorded deed was subject to an agreement for conveyance and to avoid the effect of the statute last cited. While the record did not give notice that the transaction was in fact a mortgage, it charged the world with notice of the contract affecting the record title. This defendant took its mortgage subject to plaintiffs' title.

Defendant also contends that plaintiffs ratified the forgery and are estopped to deny the validity of defendant's mortgage. The fact that Skupinski did not discover the forgery until after defendant had paid out the whole of the loan disposes of these contentions. Nor did the testimony show ratification or estoppel, even conceding prior discovery of the forgery. The plaintiffs at once took vigorous measures to protect their rights, by the recording of their contract and notifying the defendant of their claim of title immediately on discovery of the mortgage. The evidence fails to show that Skupinski knew defendant was claiming a mortgage superior to his contract or that defendant acted in reliance on plaintiffs' acts, words, or silence.

Defendant claims that, as it paid Fred L. Smith's mortgage, it should have a lien to that extent upon the premises, under the doctrine of subrogation.

Aside from the fact that the payment was voluntary, the Smith mortgage was not a charge upon plaintiffs' interest in the property, and they had no benefit from it. The testimony was that the original deed from plaintiffs, containing the clause giving notice of their contract, was delivered to Smith when his mortgage was executed, and no part of the proceeds went into the building. There is no basis for subrogation. This defendant's mortgage is inferior to plaintiffs' title.

R. E. Hamilton's Sons. In their statement of lien, these defendants described the Will Investment Company as owner of the premises, made no mention of plaintiffs as owners, nor was notice of lien served on them.

The statement of lien must give the "name of the owner, part owner or lessee, if known" (3 Comp. Laws 1915, § 14800), or it does not attach. *Grand River Lumber & Coal Co.* v. *Glenn,* 234 Mich. 310.

"The evident purpose of the statute is to give notice to the party most vitally interested that a lien is asserted against his property." *Waters* v. *Johnson,* 134 Mich. 436, 439.

As the deed and contract constituted a mortgage, plaintiffs were the owners in fact. *Huebner* v. *Lashley, supra.*

"For the purpose of this act the words 'owner, part owner or lessee' shall be construed to include all the interest, either legal or equitable, which such person may have in the real estate upon which the improvements contemplated by this act are made, including the interest held by any person under contracts of purchase, whether in writing or otherwise." 3 Comp. Laws 1915, § 14824.

When the first work was done under the contract at bar, the record disclosed plaintiffs as owners.

When these defendants furnished the first materials, on July 8th, the last delivery on September 12th, and when they filed statement of lien, on September 24th, the record disclosed plaintiffs as contract purchasers. As plaintiffs were owners in fact and the record disclosed an interest under contract of purchase, the lien would not attach to their interest unless they were named as owners in the statement of lien.

Counsel, however, contends that the lien was valid as to the interest of the Will Investment Company. This raises a new question. There was no evidence that these defendants had knowledge or notice that the deed and contract constituted a mortgage. Upon the record, the Will Investment Company had legal title, the plaintiffs an interest by contract of purchase. These interests are distinct and separable. The statute authorizes the imposition of a lien on a building separate from the land, where the party contracting has no title to the real estate, and provides for subrogation of a lienor to the rights of a contracting vendee in a land contract in case of surrender or forfeiture. 3 Comp. Laws 1915, § 14798. These specific provisions evidence an intention that the declaration that a lien shall attach to ''the extent of the right, title and interest of such owner, part owner or lessee'' (3 Comp. Laws 1915, § 14796), shall be given full effect. Enforcement of a lien against the interest of the Will Investment Company could not prejudice plaintiffs as it would be subject to their rights. A fair construction of the statute justifies such a lien and no good reason appears to deny it.

It was conceded that all valid liens are superior to the mortgage of the Provident Mortgage Company.

The decree will be modified to order a lien and foreclosure in favor of defendants R. E. Hamilton's

Sons upon the interest of the Will Investment Company in the premises, but not upon plaintiffs' interest therein, such lien to be superior to the mortgage of the Provident Mortgage Company. In other respects, the decree will be affirmed, with costs to plaintiffs against both appealing defendants.

NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. CLARK, J., did not sit.