LEVENSON v. COHEN.

1. MORTGAGES—DEED AND CONTRACT BACK TAKEN AS SECURITY CONSTITUTE MORTGAGE.

Where deed with contract back was taken as security, the instruments constituted a mortgage.

2. USURY—MORTGAGES.

Where deed with contract back for $10,000 constituted a mortgage, and record shows that mortgagors received only $8,200, the loan was usurious.

3. COSTS—MORTGAGE TAX.

> Where Supreme Court required payment of mortgage tax as condition precedent to consideration of appeal in suit to have deed and contract back declared to be a mortgage, mortgagors who paid tax, and who are successful on appeal, are entitled to have it included in costs awarded to them.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 15, 1930. (Docket No. 111, Calendar No. 34,517.) Decided March 6, 1930.

Bill by Israel Levenson and another against Dora Cohen, administratrix of the estate of Abe Rosen, deceased, and another to declare a deed and land contract back a mortgage. From a decree for plaintiffs, defendants appeal. Affirmed.

*Seymour J. Frank,* for plaintiffs.

*Finkelston, Lovejoy & Kaplan,* for defendants.

FEAD, J. Plaintiffs brought this suit to declare a deed and land contract back a mortgage, to restrain its forfeiture as a land contract, and, upon a claim of usury, to have the amount of the debt adjusted. Defendants filed cross-bill for foreclosure of the contract. The court held the transaction a mortgage, the loan usurious, found the debt at the sum of $8,200, allowed defendants interest at six per cent. per annum, and decreed foreclosure as a mortgage. Defendants appealed.

The deed and contract were executed and delivered simultaneously. Neither made any mention ·of mortgages outstanding of some $13,000. Each warranted fully against incumbrances. There was no evidence that the transaction was intended as an actual sale and resale. Eliminating the incompetent

testimony of plaintiffs as to conversations with Rosen, the testimony is conclusive, especially that of Rosen's agent, Cohen, who closed the transaction for his principal, that the instruments were taken as security. They constituted a mortgage. *Clark* v. *Landon,* 90 Mich. 83; *Huebner* v. *Lashley,* 239 Mich. 50; *Maginn* v. *Cashin,* 196 Mich. 221; *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309.

The contract price was $10,000. Rosen sent Cohen $8,200 to pay plaintiffs. Plaintiffs admitted they received that sum, and claimed they got no more. Cohen proved no more. He attempted to prove an additional $1,000, for which he produced a check, but the bank records demonstrated it was part of the $8,200. The testimony shows the loan to have been usurious.

The decree is affirmed, with costs to plaintiffs, including mortgage tax paid by them, which this court required to be paid as a condition precedent to consideration of the case.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.