FLETCHER v. MORLOCK.

1. Quieting Title—Equity.
   In suit to remove cloud from title, showing that plaintiff's grantor deeded to her subject to mortgage, which was later discharged by deed to grantor but fraudulently altered to grantor and wife jointly, and wife, as survivor, conveyed to another, *held,* to. state case in equity.

2. Judgment—Res Adjudicata.
   Action in ejectment, dismissed because not adequate remedy, is not *res adjudicata* in subsequent suit in equity to remove cloud from title.

3. Mortgages—Legal Title Held as Security.
   Grantees in deed given as mortgage hold legal title merely as security.

4. Same—Reconveyance.
   Reconveyance by grantees in deed given as mortgage, after payment of debt, was not necessary to reinvest absolute title, but was needed to clear record title.

5. Same—Discharge by Reconveyance.
   Reconveyance by grantees in deed given as mortgage is, equitably, discharge of mortgage.

6. Alteration of Instruments—Spoliation—Deeds—Mortgages—Fraud.
   Where grantees in deed given as mortgage, after payment of debt, reconveyed to grantor, who in meantime had conveyed by warranty deed, effort of grantor, by alteration or spoliation, to convert deed of reconveyance into deed creating estate by entireties is fraud.

Appeal from Mecosta; Barton (Joseph), J. Submitted April 9, 1930. (Docket No. 45, Calendar No. 34,757.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Bill by Lillian Fletcher against Jacob and Katherine C. Morlock to quiet title to land. From decree dismissing bill, plaintiff appeals. Reversed.

*Francis L. Williams,* for plaintiff.

*Dunham, Cholette & Allaben,* for defendants.

CLARK, J. On December 2, 1916, Edgar S. Miller executed and delivered to John M. Hendryx and wife a writing in form a short form warranty deed but in fact a mortgage of a parcel of land in Mecosta county. The paper was recorded as a deed. On May 8, 1920, Miller conveyed this land by full warranty deed to plaintiff, his former wife. On November 1, 1920, Miller having paid the debt secured by the conveyance first mentioned, Hendryx and wife executed and delivered to Edgar S. Miller as grantee a deed of reconveyance of the parcel. On May 3, 1922, Miller married Katherine C. Smith, now defendant Katherine C. Morlock. Miller died November 8, 1924. A few days before his death the deed of November 1, 1920, by Hendryx and wife to Miller was recorded, but, before recording, the name of the grantee was changed from Edgar S. Miller to "Edgar S. Miller and Katherine C. Miller, jointly and to the survivor of either of them of Chippewa Lake, Michigan." Hendryx and wife had nothing to do with such change. The deed from Miller to plaintiff was recorded December 21, 1926. Later Miller's widow, Katherine C. Miller, married defendant Jacob Morlock, and they conveyed the parcel to a third party, taking back a deed to themselves as husband and wife, which deeds are of record.

Plaintiff filed this bill to remove cloud from title, to make record title in her, and for other relief. She

had previously attempted this by action in eject-ment, and had failed, not on the merits, but on the ground that ejectment was not adequate remedy. From decree entered, plaintiff has appealed.

Plaintiff has made under her bill a case in equity. There is no former adjudication. We need not dis-cuss the effect of defendants' contending in the law-suit that there was not adequate remedy at law, and their contention in this equity suit that plaintiff has adequate remedy at law.

Testimony taken subject to objection and vio-lating the opposite party rule (3 Comp. Laws 1915, § 12553) will be disregarded.

Plaintiff's deed must be accepted at face. There is no issue of fact upon which her withholding it from record has any bearing.

The conveyance to Hendryx and wife was a mort-gage; this fact is so fully established that we will not discuss it further.

Plaintiff's title under her deed was perfect except for this mortgage. If the mortgage when paid had been discharged by proper writing of record, plain-tiff's title would have been free. Hendryx and wife, under their mortgage, in form of deed, held legal title merely as security. 41 C. J. p. 315; *Jordan* v. *Diltz*, 240 Mich. 512. A reconveyance by Hendryx and wife was not necessary to reinvest absolute title, but it was needed to clear record title. 41 C. J. p. 363.

Equitably, the reconveyance by Hendryx and wife is a discharge of mortgage. The effort of Miller and wife or either of them, by alteration or spolia-tion of the writing to convert it into a deed creating an estate by entireties, is fraud.

Defendants here do not hold in good faith. Deeds, intended as such, subsequent to plaintiff's deed, are

set aside. The conveyance by Hendryx and wife to Miller is restored to operate as a discharge of the mortgage. Plaintiff holds by title perfect as against defendants. She may have decree accordingly.

Reversed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.