UNION GUARDIAN TRUST CO. *v.* VOGT.

1. HUSBAND AND WIFE—REQUISITES OF ESTATES BY ENTIRETIES—INTENT.

    Creation of estate by entireties is not wholly matter of intention, but requires written instrument of conveyance which will produce unity of person, time, title, interest, and possession.

2. SAME.

    Deed from husband to wife or to both does not create estate by entireties notwithstanding express declaration therein of such intention, because of lack of unity of time and title; estate not being created by one and same act and at one and same time, as husband still retains part of his original title.

3. SAME.

    Estate by entireties is not created by instrument conveying title from husband and wife to another.

4. SAME—HOW ESTATE BY ENTIRETIES CREATED.

    To create estate by entireties in property owned by husband or wife, both must be wholly divested of legal title, and then conveyance made to them by owner of legal title.

5. SAME—ESTATE BY ENTIRETIES NOT CREATED BY RESERVATION.

    Estate by entireties is not created by reservation in conveyance by husband and wife to another, since unity of time and title would be lacking.

6. SAME—CONVEYANCE BY HUSBAND AND WIFE TO TRUSTEE—RECONVEYANCE DID NOT CREATE ESTATE BY ENTIRETIES.

    Under instrument whereby husband and wife, in selling land, part of which they owned by entireties and rest belonged to husband, conveyed to trustee, who received legal title as *alter ego* of vendors, and providing that on vendee's default trustee should reconvey to husband and wife, no estate by entireties was created, but, on default, estates to be reconveyed to them were their original interests.

7. TRUSTS—ON FAILURE OF TRUST ORIGINAL INTEREST RETURNS TO GRANTORS BY OPERATION OF LAW.

Where trustee has legal title for specific purpose and as *alter ego* of vendors, on failure of trust, title would return to grantors according to their original interest, or to their grantee, by operation of law and without deed.

8. SAME—ALLOWANCE OF TRUSTEE'S FEES IMPROPER IN SUIT INVOLVING TITLE—PLEADINGS.

In suit involving title to property held in trust, on failure of trust, allowance of trustee's charges and for attorney's fees was improper, where said charges were not covered by pleadings, testimony, or stipulation of facts, and record did not show that they were presented for determination.

Appeal from Wayne; Campbell (Allan), J. Submitted January 10, 1933. (Docket No. 68, Calendar No. 36,883.) Decided May 16, 1933. Rehearing denied August 29, 1933.

Bill by Union Guardian Trust Company, a Michigan corporation, as executor of the estate of William Vogt, deceased, against Elizabeth Vogt and others for an adjudication of rights pursuant to 3 Comp. Laws 1929, §§ 14446–14450. From decree rendered, certain defendants appeal. Reversed.

*John C. Coots* and *William H. Fallon,* for defendant Elizabeth Vogt.

*Edwin R. Monnig* and *Harold Goodman,* for defendant Elizabeth Grosfield and others.

*Schmalzriedt, Frye, Granse & Frye,* for defendant Union Guardian Trust Company, trustee.

FEAD, J. William and Elizabeth Vogt, husband and wife, lived on a farm of 62 acres, near Detroit. Twenty-two acres had been acquired and were held by them by the entireties. The title to the rest was in William.

March 1, 1924, they made a sales agreement to sell the farm to Arthur J. Scully for $295,000, for subdivision purposes. The agreement provided that the vendors should convey title to the Union Trust Company, of Detroit, as trustee, with authority to do acts pertinent to platting and sale of lots.

May 3d, vendors, Scully, and the Union Trust Company executed a trust agreement, which declared its purpose to be convenience in carrying out the terms of the sales agreement and in selling the property and to secure to vendors the payment of the purchase price. It recited that vendors "have contemporaneously with the execution of this agreement" conveyed the premises to the trustee by warranty deed, with power to act for them in carrying out the terms of the sales agreement, including execution of instruments of conveyance. It set up the powers of the trustee, which, in general effect, substituted it for vendors in carrying out the sale. However, it provided that vendors and vendee could remove the trustee by written notice and appoint another, and, while conveyances were provided from one trustee to the other, the substituted trustee was to be vested with title and all powers and duties of the original trustee, regardless of formal conveyance. The particular language of interest here is in providing for default by the purchaser in payment of principal, interest, or taxes, after notice to vendee:

"Then the said party of the first part shall have the right to instruct said trustee and the trustee shall, upon receipt of such instructions in writing, immediately reconvey to the said parties of the first part, or to such person or persons as may be designated by the said first parties, all of the hereinbefore described property," etc.

In both instruments the parties of the first part are "William Vogt and Elizabeth Vogt, his wife." Neither contains any reference to the difference in title to the parcels. The trust agreement recites, "whereas, the said parties of the first part are the owners of the land," etc., describing the whole farm.

On receiving the net down payment of $29,705, the vendors deposited it in a bank account, payable to either or the survivor. They made similar deposits of subsequent payments, the checks for which from the trustee were made payable to both. They aggregated about $175,000.

In 1925 William Vogt made a will in which he left 10 acres of other land to his brother and all the residue of his estate to the brother, three sisters, and the children of a deceased brother, aside from some small bequests. As to his wife he provided:

"Third: As my wife, Elizabeth Vogt, will be amply provided for after my death out of the property which she now holds jointly with me and of which she will become the sole owner upon my death, I make no provision for her in this, my will."

William Vogt died March 26, 1931. In November, 1931, Scully, being in default, entered into an agreement with Elizabeth Vogt by which he transferred to her all his rights under the contract, and she accepted and agreed to perform it.

Elizabeth Vogt claims the instruments created an estate by the entireties in the whole farm, and that she takes as survivor. The court so held. The residuary legatees of William Vogt contest the claim.

Appellant Elizabeth Vogt stresses the intention of the vendors to create an estate by the entireties, as shown by their designation in the instruments as

first parties without mention of the diverse titles and by the joint bank account and the will. The creation of an estate by the entireties is not wholly a matter of intention of the parties. It requires a written instrument of conveyance, which will produce unity of person, time, title, interest, and possession. *Auditor General* v. *Fisher,* 84 Mich: 128; *Howell* v. *Wieas,* 232 Mich. 227; 13 R. C. L. p. 1108; 30 C. J. p. 565. Thus, although the intention could not be doubted, by reason of express declaration in a deed, that an estate by the entireties or survivorship is meant to be created by it, a deed from husband to the wife or to both does not create an estate by the entireties because of lack of unity of time and title, the estate not being created by one and the same act and at one and the same time, as the husband still retains part of his original title. *Pegg* v. *Pegg,* 165 Mich. 228 (33 L. R. A. [N. S.] 166, Ann. Cas. 1912C, 925); *Wright* v. *Knapp,* 183 Mich. 656. The legal title of the husband and wife must be conveyed to another and he reconvey to them in order that they may take title by the same instrument and at the same time.

It needs no argument that an estate by the entireties cannot be created by an instrument conveying title *from* the husband and wife to another. In *Howell* v. *Wieas, supra,* relied on by counsel for Mrs. Vogt, there was an actual conveyance back to husband and wife. At most, that case is authority here to the effect that a conveyance from the trustee could have created such estate and also that the fact that William and Elizabeth Vogt retained an equitable interest in the property would not have barred vesting of such entireties estate on proper conveyance from the trustee. If there is a conveyance to husband and wife in the trust agreement, it

must be found in the provision for default above quoted. We will assume that conveyance to husband and wife of a vendor's interest in, a land contract would create an estate by the entireties or its equivalent. *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468.

The first essential to creation of an estate by the entireties in property owned by husband or wife, then, is that both be wholly divested of legal title, and the second, that a conveyance be made to them by the owner of the legal title. The provision for reconveyance at bar did not convey to Vogt and wife any interest or estate in lands to which the trustee had legal title. The provision took effect contemporaneously with the conveyance from the Vogts to the trustee, and, if it may be said to have involved either a present or future legal estate in the lands, such estate was not transferred to the trustee and conveyed back to vendors, but remained always in the vendors as a reservation from the title conveyed to the trustee. If the parties cannot create an estate by the entireties by direct conveyance to each other, they cannot create such estate by reservation in conveyance to another. Unity of time and title would be lacking.

The language of the trust agreement is plain. In defining the estate of the vendors on default, the trustee was to "reconvey" to them or the party designated by them.

"Reconvey. To convey back or to the former place, as, to reconvey goods. To transfer back to a former owner, as an estate." Webster's New International Dictionary.

"Reconveyance. A transfer of realty back to the original or former grantor." 53 C. J. p. 597.

The trustee had legal title, but for a specific purpose and as *alter ego* of the vendors. On failure of the trust, the title would return to the grantors according to their original interest, or to their grantee, by operation of law and without deed. The provision for reconveyance was merely declaratory of the time and conditions under which the trust should fail and for formal return of title for the purpose of the records.

Both because of the terms of the trust agreement and the character of the transaction, it must be held that no new estate by the entireties was created by it in the vendors, but that, on default, the estates to be reconveyed to them were their original interests.

The decree also made allowance to the trustee for trustee and attorney fees. These charges were not covered by the pleadings, testimony, nor stipulation of facts, nor did the record show they were presented for determination. They cannot be allowed in this proceeding.

Decree reversed, and one will be entered in accordance with this opinion, with costs to Elizabeth Vogt against the Union Guardian Trust Company, and with costs to the other defendants against Elizabeth Vogt.

McDonald, C. J., and Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred. Clark, J., did not sit.