## WHITNEY *v.* FOSTER.

1. BANKS—AUTHORITY OF CASHIER.

The execution of an instrument on behalf of a bank by its cashier is shown to have had the authority of the officers, by evidence that the bank's attorney, one of the directors, was consulted and approved the instrument, that the cashier's acts in similar transactions were invariably acquiesced in, and his own testimony that the act in question received the directors' approval. MONTGOMERY, J., dissenting.

2. SAME—EQUITABLE MORTGAGE.

A bank purchased of a depositor a building under a land contract, and paid a part of the consideration. Thereafter the bank took the depositor's check for the amount of his deposit, and executed with him an agreement in writing, acknowledging its indebtedness to him upon the contract in a sum covering the amount of the check and the balance of the purchase price. *Held*, that, upon the bank's becoming insolvent, the instrument would be given effect as an equitable mortgage of whatever interest the bank had in the property.

Appeal from Ingham; Person, J. Submitted April 19, 1898. Decided July 18, 1898.

Petition by Edwin H. Whitney against Seymour Fos-

ter, receiver of the People's Savings Bank of Lansing, Michigan, to establish a lien upon the building occupied by the bank. From a decree denying the prayer of petitioner, he appeals. Reversed.

*S. L. Kilbourne* (*Edwin F. Conely*, of counsel), for petitioner.

*Cahill & Ostrander*, for defendant.

HOOKER, J. In July, 1896, the People's Savings Bank closed its doors, and a receiver was appointed at the instance of the state banking commissioner. The petitioner, Whitney, has intervened in the proceeding, and asks that the receiver be required to recognize a lien in his favor to the amount of $11,000 and upwards upon the building occupied by the bank. In its more prosperous days the bank purchased this building from the petitioner upon a land contract, and paid the consideration, except the sum of $5,000, and some interest which was in arrears on March 12, 1896. At that time the petitioner was a depositor of the bank, and had a credit for about $6,000, which he proposed to withdraw for investment elsewhere; but, at the solicitation of the cashier, he consented to loan said sum to the bank at 6 per cent., the same to be secured upon this real estate. Accordingly he gave the bank a check for the amount, and took a writing of which the following is a copy:

"This memorandum of agreement, made this 12th day of March, 1896, by and between Edwin H. Whitney, of Lansing, Michigan, party of the first part, and the People's Savings Bank, of the same place, party of the second part, witnesseth: That, for a valuable consideration to the party of the first part, the payments due on contract of April 6, 1894, between the parties hereto, have been extended until January 1, 1897. It is also mutually agreed that the amount now due on said contract is the sum of $11,348, with interest at 6 per cent. per annum.

"In witness whereof the parties hereto have set their hands and seals the day and year first above written."

Stamped on the paper is "The People's Savings Bank, Lansing, Michigan, by C. H. Osband, Cashier," and "L. S.," and then the seal of the register of deeds who recorded the contract, and "Edwin H. Whitney, L. S."

Two questions are raised by the receiver. He contends —*First*, that the instrument is void for want of authority upon the part of the cashier to execute it; and, *second*, that the instrument is ineffective for the purpose.

An examination of the evidence convinces us that this loan had the approval, implied, if not express, of the officers of the bank. Mr. Osband, the cashier, so testifies, and Mr. Lee, the attorney and a member of the discount committee of the board, was consulted, and approved the instrument. Mr. Beal, the president, is not certain that he was not informed, and admits that there was "talk about making a loan of Whitney." Mr. Robson stated that he did not know of it until after the bank failed, but he admitted that for a long period it was the practice of Mr. Osband to obtain loans wherever he could, and that his action was invariably acquiesced in, if not always approved. This same land contract was previously hypothecated by Mr. Osband, and this was formally approved by the board, when brought to its attention by request of the officers of the City National Bank, to which it was pledged.

As to the instrument given, we have no hesitancy in treating it as an equitable mortgage of whatever interest the bank had in this property.

In our opinion, the prayer of the petitioner should have been granted. The decree of the circuit court is reversed, and one will be entered here granting the prayer of the petitioner, with costs of both courts.

GRANT, C. J., MOORE and LONG, JJ., concurred with HOOKER, J.

MONTGOMERY, J. (*dissenting*). In my opinion, the cashier was not shown to have authority to execute the paper in question.

The decree should be affirmed.