ROWE v. WILLIAM FORD & CO.

1. CONTRACTS—INTENTION—REASONABLE INFERENCES—EVIDENCE.
   Intention of parties, as expressed by their agreement and reasonable inferences therefrom, must be controlling.

2. MORTGAGES—CONTRACT MAY BE MORTGAGE.
   Contract in form may, through acts of parties, be mortgage.

3. VENDOR AND PURCHASER—CONTRACTUAL RELATION—EQUITY—MORTGAGES.

Where facts show that there was more than mere loaning of money and taking of contract as security, court of equity will give due consideration to what parties intended, and not force upon them different contractual relation than they agreed upon.

4. SAME—CHANGING CONTRACT—NEW CONTRACT NOT MORTGAGE.

Where vendor, at vendee's request, furnished money toward construction of building on premises conveyed, under agreement that it be added to contract price, result was same as if original contract had been canceled and new contract entered into for sale of more property at increased purchase price, and did not result in creation of mortgage.

5. SAME—CHANGED CONTRACTUAL RELATION—BURDEN OF PROOF.

Vendee, claiming that contractual relation of vendor and vendee had been changed to that of mortgagee and mortgagor by vendor's furnishing money to improve property conveyed and adding it to contract price, had burden of proving change of contractual relations.

6. SAME—RECEIVERS—DEFAULT—FORFEITURE.

Contractual rights of vendor and vendee remained same after receiver for vendee was appointed as before, so that right to declare forfeiture upon vendee's default was not lost by vendor on appointment of said receiver.

Appeal from Wayne; Campbell (Allan), J. Submitted January 5, 1932. (Calendar No. 35,864.) Decided April 4, 1932.

Receivership proceedings by H. Rowe and another against William Ford & Company, Inc., a Michigan corporation, and Union Guardian Trust Company, a Michigan corporation, receiver. John A. Mercier intervened. Ford Motor Company, a Delaware corporation, petitioned for permission to bring summary proceedings to repossess property. From order requiring foreclosure in equity, petitioner appeals. Reversed, and summary proceedings granted.

*Pear & Beattie (Donald K. Tyler,* of counsel), for plaintiffs.

*Warren, Hill & Hamblen,* for receiver.

*Ben S. Pagel,* for intervener.

*Frederick A. Thomson* and *Edgar J. Matz (Longley, Bogle & Middleton,* of counsel), for petitioner.

BUTZEL, J.   On November 14, 1924, appellant, Ford Motor Company, as vendor, agreed to sell to William Ford & Company, Inc., as vendee, 1.2312 acres of land on Second boulevard in Highland Park, Michigan.   The executory contract entered into provided for a payment of $15,000 upon the execution of the contract, and the additional sum of $88,000 in monthly instalments of $750 and interest. Sixteen months after the contract was entered into, vendee desired the erection of additional structures on the land at a cost of $36,600.   Vendor agreed to pay the builder $30,000 of this amount, the remaining $6,600 to be paid by the vendee.   Under date of March 19, 1926, a supplemental agreement was executed.   After referring to the original contract, and the fact that the vendee had contracted with a building contractor for the erection of the additional structures at a cost of $36,600 on the land being sold, it provided for the payment of $30,000 of the cost by the vendor to the contractor, the sum so paid to be added to the purchase price under the contract, and the monthly payments thereunder to be increased $300 and interest.   It further provided that the supplemental agreement should become and be part of the original contract.

In 1930, vendor notified vendee by registered mail that unless defaults in payments of monthly instalments, interest, and taxes be cured by October 23,

1930, it would declare the contract forfeited. Before the latter date arrived, the Union Guardian Trust Company was appointed receiver of the vendee, in a suit brought by plaintiffs Rowe and Guenther. On October 23, 1930, vendor served notice of forfeiture upon the vendee and the receiver, and thereafter filed a petition of intervention in the equity suit and sought permission to institute summary proceedings for repossession of the premises. The court in refusing such permission held that the vendor's contract was an equitable mortgage that could be foreclosed only in a chancery proceeding. The trial judge relied on the case of *Whitney* v. *Foster,* 117 Mich. 643. We do not believe it at all decisive upon the facts presented in the instant case. In *Whitney* v. *Foster, supra,* the vendee obtained a loan from the vendor, and, as security, the amount thereof was added to the balance due under the contract. Later, a receiver was appointed for the vendee. Upon denial of petition by the vendor to have the amount due him declared a lien on the property, the vendor appealed, and it was held that he was entitled to an equitable lien on the premises.

In the instant case, the Ford Motor Company, as appellant, remained the vendor under the land contract, under the original contract as supplemented by the agreement of March 19, 1926. The intention of the parties, as expressed by their agreement and a reasonable inference therefrom, must be controlling. We have frequently held that a contract in form may, through the acts of the parties, be a mortgage. *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309; *Levenson* v. *Cohen,* 250 Mich. 31. However, where the facts show that there was more than the mere loaning of money and the taking of the contract as security, a court of equity will give due con-

sideration to what the parties intended, and not force upon them a different contractual relation than they agreed upon. See *Reid* v. *Dowd, ante,* 492. In the instant case, at the request of the vendee, the value of the property sold under the original contract was increased by improvements, and $30,000 of the cost thereof was paid direct to the builder by the vendor. The effect of the agreement was that the vendor agreed to include $30,000 more property than was provided for in the original contract, and vendee in turn agreed to increase the consideration to be paid by it. The result was the same as if the original contract had been canceled, and a new contract entered into for more property and for a larger purchase price. The burden of proof was upon the appellees to show a change in the contractual relations between the parties. It has not been sustained by them. *Dalton* v. *Mertz,* 173 Mich. 153; *Rubenstine* v. *Powers,* 215 Mich. 434. The contractual rights of the parties remained the same after the receiver was appointed. *Rickman* v. *Rickman,* 180 Mich. 224, 250 (Ann. Cas. 1915 C, 1237); *Gray* v. *Lincoln Housing Trust,* 229 Mich. 441, 446. The right to declare a forfeiture upon default was not lost by vendor upon the appointment of a receiver. *Tower* v. *Detroit Trust Co.,* 190 Mich. 670, 674.

The order of the lower court is reversed, with costs to appellant, and case remanded with direction to grant appellant's petition for permission to bring summary proceedings before a circuit court commissioner to recover possession.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.