WILLIAM H. STEVENS v. MOSES H. HULIN, ADM'R.

*Claim against estate for rent—Decedent's continued possession of property granted by him—Deed absolute as mortgage—Tenant-at-sufferance.*

1. Proof that a party who bases his claim against an estate upon a deed from decedent had told the administrator that it was only a trust-deed, is not rebutted by proof that decedent had said that he had sold the property to claimant.

2. Proof that the claimant of land has not paid the taxes on it has some tendency to rebut his claim of absolute ownership.

3. A claim against an estate for rent cannot be allowed unless the facts tend to show an agreement, express or implied, therefor, with decedent. And the claimant has the burden of proof. But an agreement is not necessarily implied from decedent's continued occupancy of the premises after having deeded them to claimant.

4. A deed intended as a mortgage will not sustain a claim by the grantee for the rent of the premises if the grantor remains in possession.

5. A grantor who remains in possession without any contract becomes a tenant at sufferance, and as such is not liable for rent.

6. A grantor's continued possession for any great length of time after his deed is recorded, will support the presumption that he has retained the right to possession or that it arises from some right which he has acquired in the land.

7. The question whether a deed absolute was meant as a mortgage or not may properly be submitted to a jury where the fact depends on extraneous matters.

Error to Montcalm.    (V. H. Smith, J.)    Feb. 1.—Mar. 6.

Appeal from allowance by probate commissioners. The claimant brings error. Affirmed.

*J. F. Shields* for appellant.

*Webster & Steere* for appellee.

SHERWOOD, J. Edwin H. Stevens in 1866 owned, occupied and carried on a farm of two hundred acres in Bushnell, Montcalm county, and continued to do so until he died in 1879. After his death administration was had upon his estate by Moses H. Hulin, who was duly appointed administrator. Commissioners to examine and adjust claims against the estate were duly appointed, and upon the last day for presenting claims against the estate, William H. Stevens presented a claim of something over $600 for the use of land and a load of hay. The commissioners allowed the claim at the sum of $611.25. From this decision the administrator appealed to the circuit court, where a trial was had by jury, and the appellee's claim was reduced to $19.20. From this allowance the claimant appeals to this Court, and the case is now before us on error.

From the record it appears that the deceased conveyed to claimant, by warranty deed, one hundred acres of his farm on the 6th day of April, 1866, but that the grantor remained in the occupancy and use of the same in connection with other portions of his farm, cultivating and cropping it, and taking the benefit thereof, the same after as before the making of the deed, until he died, and in no other manner. The rent claimed was for the last six years of such use before the death of the intestate.

The exceptions all relate to the rulings in admitting testimony, and to the instructions of the court to the jury. One of the main questions in the case was whether or not the conveyance from deceased to W. H. Stevens was a deed, or intended as a mortgage. For the purpose of showing that it was the former, appellant offered in evidence the deed referred to, and then to show that the deceased regarded the sale as absolute, and that the claimant was therefore entitled

to rent, he offered the statement of deceased to the effect that he intended, the year he died, to pay the claimant $500. After the appellant had put in this testimony and rested, and the estate had put in its proofs [which were to the effect that the claimant had told the administrator that the deed he held was only a trust-deed], the claimant proposed to show in rebuttal that the deceased, in his life-time, said that he had sold the property to claimant. This testimony was properly excluded; it had no tendency to disprove the defense claimed.

While William H. Stevens was on the stand as a witness for himself he was asked [on cross-examination] if he paid the taxes on the land he claimed to have bought of deceased, and was permitted to answer he had not. This was objected to by claimant's counsel, but the testimony was proper. He had been interrogated as to his right to the use of the land, and to the rents and profits thereof through his ownership of the fee, and this testimony tended slightly to rebut his claim of ownership, and was admissible on his cross-examination.

The remaining assignments of error relate to the charge of the court as given, and his refusals to charge. The court held and charged in substance that in order to entitle the claimant to an allowance for rent, the case must show a state of facts which raised an agreement to that effect with deceased, express or implied, and this, we think, was proper.

There was testimony given in the case tending to show that the deed was intended as a mortgage; and the court, at the request of counsel for the estate, charged the jury that, if the deed was so intended to be a mortgage, then the claimant could not be allowed his claim for rent. This instruction stated the law correctly.

The second request which was given by the court charged that if the deed was absolute, then the deceased, if he remained in possession without any contract for that purpose after the making of the deed, was a tenant at sufferance, and as such not liable for rent. In the third request the court charged that the burden of proving such contract,

express or implied, was upon the claimant, and that it would not be implied from the simple continuance of occupancy after the sale. Under the testimony contained in this record we think these charges were not erroneous.

The deed was not recorded until 1881, and we are not informed when it was delivered, if ever. The continued possession of the grantor long after the recording of his deed to another is sufficient to raise a presumption that the right to the same has been retained, or arises from some right acquired by him in the land. *Bloomer v. Henderson* 8 Mich. 395; *Bennett v. Robinson* 27 Mich. 26.

We think the evidence in the case sufficient to warrant the court in submitting the character of the conveyance to the jury, and leaving them to say whether it was a mortgage or not, or whether there was any agreement for rent, and there was no error in so doing.

We have failed to discover any error in the last two assignments. In these the court simply calls the attention of the jury to certain testimony in the case bearing upon the question of the character of the conveyance, and to their duty in the case. We find nothing alleged as error in the charge which can justify the allegation, or that is prejudicial to the rights of the claimant.

The judgment of the circuit court must be affirmed.

The other Justices concurred.