## WELLS *v.* PARK.

1. MORTGAGES—DEED MAY BE SHOWN TO BE A MORTGAGE.
   A deed, though absolute in form, may be shown by oral
   proof to be a mortgage.[1]

2. SAME—EVIDENCE—SUFFICIENCY.
   Evidence *held*, sufficient to justify the finding of the
   court below that a deed was intended by the parties to
   operate merely as a mortgage.[2]

Appeal from Wayne; Law (Eugene F.), J., presiding. Submitted October 7, 1925. (Docket No. 17.) Decided December 22, 1925.

Bill by George Wells against Michael Park to have a deed decreed to be a mortgage. From a decree for plaintiff, defendant appeals. Affirmed.

*Munro & Powell*, for plaintiff.

*Robert J. Willis*, for defendant.

McDONALD, C. J. The purpose of this suit is to have a certain deed decreed to be a mortgage. The bill alleges that in 1908 the plaintiff purchased on contract certain land in the village of Grosse Pointe, Wayne county, Michigan, from one Albert G. Damerow. In 1909 he defaulted in his payments and Damerow threatened to terminate the contract and dispossess him of the land. He sought a loan of the defendant, who agreed that if he were given a deed of the property he would furnish sufficient money to enable the plaintiff to pay Damerow the balance due on the contract, and that the plaintiff should pay him back whenever he could with interest at six per cent. This

[1] Mortgages, 27 Cyc. p. 1021; [2] Id., 27 Cyc. p. 1025.

agreement was not evidenced by any writing, though the plaintiff says that when the defendant got the deed he promised to send him some paper showing his interest in the property. The plaintiff, who was born in slavery, has not had the advantages of an education, and he claims that he trusted the defendant, who was an old-time acquaintance of his own race. Subsequently, the defendant claimed to be the absolute owner of the property by purchase. The plaintiff brought this suit. On the hearing the circuit judge determined that the deed was given as security for a loan and entered a decree granting the relief prayed for in the bill. The defendant has appealed.

The only question involved is whether the instrument from Albert G. Damerow to defendant Michael Park is a deed or a mortgage. It is well settled that a deed though absolute in form may be shown to be a mortgage by oral proof. From such evidence the circuit judge found that the deed in question was intended by the parties to operate merely as a mortgage. Our examination of the record convinces us that he reached a correct conclusion. The decree protects every interest to which the defendant is legally and equitably entitled and should be affirmed.

It is affirmed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.