COYLE v. SHEEHAN.

MORTGAGES—DEED AS MORTGAGE.
> Finding of court below that deeds absolute on their face are
> in fact mortgages, *held*, justified by record.

Appeal from Wayne; Dehnke (Herman A.), J.,
presiding. Submitted June 18, 1930. (Docket
No. 86, Calendar No. 35,077.) Decided October 3,
1930.

Bill by Agnes G. Coyle, individually, and as ad-
ministratrix of the estate of John Bourget, deceased,
against Bridget Ann Sheehan, William Keenan, and
others to have certain conveyances declared mort-
gages. From decree for plaintiff, defendant Keenan
appeals. Affirmed.

*Harold F. Coyle,* for plaintiff.

*W. F. Connolly,* for defendant Keenan.

*Louis James Rosenberg,* for defendants Sheehan,
Morris, and Ambrose Bourget.

*Cashan P. Head,* for defendants Dunn and Joseph
Bourget.

McDONALD, J. This bill was filed to have certain
deeds absolute on their face decreed to be mort-
gages. They were given by John Bourget, also
known as John Burke, to the defendant, William
Keenan. All of the defendants, except Keenan, are
heirs at law of John Burke. The property involved

---

Parol evidence that a written instrument which on its face
imports a complete transfer of a legal or equitable title or interest
in property was intended as a mortgage, see annotation in L. R.
A. 1916B, 18.

consists of three parcels located in the city of Detroit and Wayne county, Michigan, and valued by the plaintiff at $23,000 over all incumbrances. The defendant does not contend that he paid anything for this property. He claims an absolute gift from Burke. The trial court found that the conveyances were given to secure the payment of money loaned, and entered a decree declaring them to be mortgages. From this decree defendant Keenan has appealed.

This issue is solely one of fact. It presents one of those cases in which an analysis of the testimony can serve no useful purpose. But a brief reference to the facts is necessary. It will suffice to show that the trial court reached a correct conclusion. Burke and defendant Keenan had been acquainted for many years. They were friends. Both were bright, keen business men. Burke conducted a restaurant. Keenan dealt in real estate. Burke died in 1928. He made the deeds to Keenan in 1927. During the last two years of his life, he was in poor health and at times was hard pressed for money. He borrowed from Keenan. He owed Keenan at the time of the conveyances. As to the amount, the evidence is uncertain, but it was in no wise sufficient to afford a reasonable consideration for the deeds. They were made either as an absolute gift or were intended to secure Mr. Burke's indebtedness. All of the circumstances indicate that they were given for the latter purpose. He remained in full control of the property. He endeavored to sell it, collected the rents, and took out insurance in his own name. Further, it is highly improbable that a man of his age, business experience, and habits of thrift should thus divest himself of the bulk of his property without some reservation for his future support. It is more

probable that he wanted to retain his property, which he was yet capable of managing, but was anxious to secure his friend the repayment of the money he had borrowed. The trial court rightly declared the deeds to be mortgages.

The decree is affirmed, with costs to the plaintiff.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.