## JANKOWSKI *v*. SZPIEG.

1. DEEDS—DECLARATION AS MORTGAGE—CREDITORS.

    Instrument pursuant to which grantee, a creditor, agreed to collect rents from property deeded to it, make payments on mortgage subject to which deed was given and apply balance on accounts held by it and another creditor *held*, a mortgage since it speaks in terms of security and reconveyance upon payment of sums owing by grantors to creditors.

2. SAME—PRIMA FACIE EFFECT—EVIDENCE REQUIRED TO PROVE IT A MORTGAGE.

    A deed absolute in form may be shown to be a mortgage by oral proof, but since the natural and *prima facie* effect of a conveyance expressing no condition and regularly executed in the presence of attesting witnesses and duly acknowledged as an absolute deed is that it correctly expresses the intention of the parties, in order for the grantor to prove himself entitled as against terms of his own deed, he must do so by force of evidence sufficient to command the unhesitating assent of every reasonable mind.

3. SAME—ISSUE OF FACT—INTENT.

    In suits to have an absolute deed declared a mortgage the issue is solely one of fact and the only criterion is the intention of the parties.

4. SAME—ADEQUACY OF CONSIDERATION—POSSESSION.

    In suit by debtor to have deed given creditor declared a mortgage, the court must first determine whether the debt was extinguished by the delivery of the deed and in making determination of this question, the court may take into account the adequacy of consideration and continued possession of the grantor long after recording of the deed.

5. SAME — ADEQUACY OF CONSIDERATION — POSSESSION — BURDEN OF PROOF — EVIDENCE.

Plaintiffs who had title to property worth $15,000 subject to $660 back taxes and a mortgage on which $8,375 was owing at time they deeded property to a creditor as security for payment of debts in the sum of $1,475.87, which creditor in turn, and at direction of plaintiffs, subsequently conveyed upon receipt of $300 for balance of account to defendants to whom plaintiffs already owed $1,585 *held*, to have sustained burden of proving deed a mortgage upon showing control and possession for considerable period thereafter without payment of rent as to portion of premises occupied and other circumstances.

6. ACCOUNTING — PARTNERSHIP — BEER GARDENS — EVIDENCE.

Evidence in suit to have deed declared a mortgage and for an accounting *held*, sufficient to permit decree holding parties were partners in the operation of a beer garden and requiring an accounting as to such relationship.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 7, 1937. (Docket No. 67, Calendar No. 39,608.) Decided December 14, 1937.

Bill by Frank J. Jankowski and wife against Joseph Szpieg and wife to have a deed declared a mortgage, for an accounting and other relief. Cross-bill by defendants against plaintiffs for an accounting and other relief. Decree for plaintiffs. Defendants appeal. Affirmed.

*John J. Adamski* and *Robert J. Wojcinski*, for plaintiffs.

*Leon Dreifuss*, for defendants.

SHARPE, J. Prior to May 11, 1931, Frank Jankowski and Sophia Jankowski, his wife, were the owners of a piece of real estate in the city of Hamtramck. This property consisted of a store and six rooms downstairs and two offices and a seven-room

apartment upstairs.  On the date above mentioned, this property was subject to a mortgage and the Jankowskis were indebted to the Detroit Fuel & Supply Company in the sum of $625.42; to the Hamtramck Lumber & Supply Company in the sum of $850.45; to the defendants for loans made in the sum of $1,585; and for taxes for the years 1931–1932 in the sum of $660.

On May 11, 1931, plaintiffs deeded this property to the Hamtramck Lumber & Supply Company and entered into an agreement with the Hamtramck Lumber & Supply Company and the Detroit Fuel & Supply Company whereby the lumber company was given the right to collect the rents from said premises and from the income, make payments upon the mortgage to the bank and apply the balance upon their accounts.  In July, 1932, plaintiffs were still indebted to the bank, to the lumber company, and to the fuel and supply company.  At this time the latter two companies, being in need of ready cash, offered to settle their claims for $350 and plaintiffs, not having that amount of ready cash, applied to Joseph Szpieg, one of the defendants herein, for a loan of $300. The loan was effected and paid to the lumber company which, at the direction of plaintiffs, executed a warranty deed to defendants.  In September of 1933, the plaintiffs moved into the property, collected the rents with the understanding that the same were to be applied upon the mortgage and the unpaid taxes. In July, 1933, plaintiff Frank J. Jankowski and one Kowudski formed a partnership and took possession of one store in the above premises and were to pay $40 per month rent for the same.  In December, 1933, this partnership was dissolved and defendant Joseph Szpieg advanced $200 to Frank J. Jankowski and became a partner with him.  In April, 1934, plaintiffs were occupying five rooms at the above location

for which they were to pay defendants $25 per month. In August, 1934, defendants gave plaintiffs a "notice to quit for nonpayment of rent" and later commenced ouster proceedings. September 10, 1934, plaintiffs filed the present bill of complaint against defendants praying that the instrument from the lumber company to defendants be decreed to be a mortgage and for an accounting.

The cause was submitted to a circuit court commissioner who made a finding of facts, which was adopted by the trial court, and an order was entered declaring the instrument to be a mortgage and decreeing an accounting be had between the parties in relation to their partnership undertaking.

Defendants appeal and contend that the warranty deed given to them by the lumber company was in fact a deed and never intended to be a mortgage. In this cause it is conceded that the written instrument given by plaintiffs to the lumber company as of May 11, 1931, was a real estate mortgage. This is so as the instrument speaks in terms of security and reconveyance upon payment of the sums owing by plaintiffs to the lumber company.

In *Wells* v. *Park*, 233 Mich. 277, we said, "It is well settled that a deed though absolute in form may be shown to be a mortgage by oral proof."

The rule to be applied in this kind of case may be found in *Tilden* v. *Streeter*, 45 Mich. 533, where we said:

"The natural and *prima facie* effect of a conveyance expressing no condition, and regularly executed in the presence of attesting witnesses and duly acknowledged as an absolute deed, ought not to be controlled and qualified by oral evidence, and brought down to the effect due to a mere security, on a slight showing. The great current of authority is distinct in holding that the party thus seeking to modify the

operation of the instrument and prove himself entitled against the terms of his own deed to an equity of redemption is not only bound to make out that the transaction was in truth and justice nothing more than the giving of security, but is required to do so by force of evidence sufficient to command the unhesitating assent of every reasonable mind. Unless the testimony, say the Supreme Court of the United States, is entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties."

See, also, *Kellogg* v. *Northrup,* 115 Mich. 327; *Brennan* v. *Finn,* 217 Mich. 584.

In these cases the issue is solely one of fact, *Coyle* v. *Sheehan,* 251 Mich. 586, and the only criterion is the intention of the parties, *Cornell* v. *Hall,* 22 Mich. 377. The court must first determine whether the debt was extinguished by the delivery of the deed, for if it was the instrument was then a deed and not a mortgage. *Swetland* v. *Swetland,* 3 Mich. 482. In finding on this fact, the court may take into consideration the adequacy of consideration. *Selik* v. *Goldman Realty Co.,* 240 Mich. 612; *Emerson* v. *Atwater,* 12 Mich. 314. Continued possession of the grantor long after the recording of his deed to another is sufficient to raise a presumption that he has retained some right in the land. *Stevens* v. *Hulin,* 53 Mich. 93.

The facts in this case strongly indicate that defendants knew that the lumber company held a deed to the property, but only as security for the payment of the debt owing by plaintiffs; that plaintiffs retained control and possession of the property from July 23, 1932, (the date the lumber company deeded the above property to defendants) until June 1, 1934; that plaintiffs collected the rents during this period for the purpose of paying taxes and reducing the

amount of the mortgage, took out fire insurance on the building and paid the premiums, made repairs and alterations in the building to accommodate tenants, and paid no rent for the store they occupied.

The evidence of the debt between the parties was never extinguished as defendants retained the $800 promissory note given to them by plaintiff Frank Jankowski. The value of the property conveyed greatly exceeded the total amount of the indebtedness owing by Frank Jankowski. At the time the conveyance in question was made, plaintiffs were indebted to the bank in the sum of $8,375, for past due taxes in the sum of $660, to the defendants in the sum of $1,585 plus the $300 paid to the lumber company in settlement of their claim. Plaintiffs' total indebtedness was $10,920.

The value of the property as appraised by witnesses for both parties as of the time of the transfer would indicate a value of $15,000. After a careful consideration of all the evidence in relation to plaintiffs' claim that the instrument was a mortgage, we think the plaintiffs have sustained the burden of proof in that respect and we are aided by the opinion of the circuit court commissioner who saw the witnesses and heard their testimony.

It is contended by plaintiffs that the trial court was in error in holding that plaintiffs and defendants were partners in the operation of a beer garden and decreeing an accounting as to this relationship. We have carefully examined the record and conclude that there was evidence from which the trial court could have made such a finding.

The decree of the trial court is affirmed. Plaintiffs may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.