ALBER v. BRADLEY.

1. MORTGAGES—CONSTRUCTION OF DEED—INTENT.

In suit to construe a deed as a mortgage where a lease and option to repurchase was given simultaneously, the determination as to the intention of the parties at the time the instrument was executed must be based on what was said and done tending to throw light on the matter, including the written instruments involved.

2. SAME—CONSTRUCTION OF DEED GIVEN AS SECURITY.

An instrument in the form of an absolute deed of conveyance may be construed as a mortgage, if given as security.

3. SAME—CONSTRUCTION OF DEED—ADEQUACY OF CONSIDERATION.

In determining whether or not a deed should be construed as a mortgage, the court must first determine whether or not the debt was extinguished by delivery of the deed and in doing so may take into account the adequacy of the consideration.

4. SAME—CONTINUED POSSESSION AFTER RECORDING OF DEED—PRESUMPTIONS.

The grantor's continued possession long after the recording of his deed to another is sufficient to raise a presumption that the grantor has retained some right in the land.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am. Jur., Mortgages, § 125.

[1] Deed absolute on its face with contemporaneous agreement or option for repurchase by grantor as mortgage vel non. 79 A.L.R. 937; 155 A.L.R. 1104.

[1, 4, 5] 36 Am. Jur., Mortgages, § 157.

[3] 36 Am. Jur., Mortgages, § 153.

[3] Value of property as factor in determining whether deed intended as mortgage. 90 A.L.R. 953.

[6] 3 Am. Jur., Appeal and Error, §§ 1170, 1180.

5. SAME—COMPROMISE—DEEDS—POSSESSION—IMPROVEMENTS—PAY-
MENT—ESTOPPEL.

Where in compromising a mortgage foreclosure in which plain-
tiffs petitioned for moratorium relief, plaintiffs gave defend-
ant a quitclaim deed and obtained a lease of the premises,
containing an option to purchase, and in course of 8 years
made payments of upwards of $1,200 on stated purchase price
of $6,000, the parties by their conduct placed a practical in-
terpretation on the arrangement whereby the debtor-creditor
relation continued and estopped defendant from repudiating
assurances he had given plaintiffs.

6. APPEAL AND ERROR—MODIFICATION OF DECREE.

Where decree fixed amount of indebtedness owed by plaintiffs
to defendant as of a date now some 20 months past and re-
quired payment within 30 days after date of decree, cause is
remanded for recomputation of amount of indebtedness and
a modification of time for payment as a condition for grant-
ing relief and for entry of decree in trial court embodying
such modifications.

Appeal from Washtenaw; Breakey, Jr. (James
R.), J. Submitted April 13, 1948. (Docket No. 86,
Calendar No. 43,973.) Decided May 18, 1948.

Bill by Oscar M. Alber and wife against George M.
Bradley, individually and as executor of the estate
of May N. Bradley, deceased, to have a deed con-
strued as a mortgage, for an accounting and other
relief. Decree for plaintiffs. Defendant appeals.
Affirmed.

*Roscoe O. Bonisteel* and *Charles C. Menefee,* for
plaintiffs.

*Reading & Reading* (*Reading & McCallum,* of
counsel), for defendant.

CARR, J. Plaintiffs brought suit in circuit court
to have a deed construed as a mortgage, asking also
for an accounting and other incidental relief with
reference thereto. The facts are not in dispute. In

1919, plaintiffs, who are husband and wife, purchased a farm in Salem township, Washtenaw county. At the time, they executed a mortgage on the property to secure an indebtedness in the sum of $5,000. Shortly thereafter a second mortgage was executed by plaintiffs to secure repayment of a loan to them of $2,200. Through assignment, ownership of the mortgages was acquired by May N. Bradley, a resident of Eaton county. Mrs. Bradley deceased in 1931, and the defendant, George M. Bradley, was appointed executor of her estate.

In 1934 Mr. Bradley as executor brought suit to foreclose the second mortgage. A decree of foreclosure was entered, a sale held thereunder, and the property was bid in for the estate by the executor. Shortly before the expiration of the equity of redemption plaintiff filed a petition under the mortgage moratorium act* to obtain relief thereunder. Thereupon the executor of the estate, hereinafter referred to as the defendant, entered into an agreement with the plaintiffs providing for the execution by the plaintiffs of a quitclaim deed to defendant as executor of said estate, and the giving of a lease, with an option to the plaintiffs to purchase the property, executed by defendant. The details of the proposed arrangement were set out in a petition which defendant filed in the probate court for the county of Eaton on or about July 3, 1935, for the purpose of obtaining authority from the court to enter into the transaction. After describing the property said petition read as follows:

"3. That foreclosure proceedings have been commenced by your petitioner for the foreclosure of the second mortgage on said farm, and that a quitclaim

* Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), Acts Nos. 3, 158, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14444-1 *et seq.;* Stat. Ann. § 27.1321 *et seq.*).

deed from the mortgagors has been tendered to your petitioner upon the following conditions:

"a. That a lease be executed by your petitioner for the term of six months commencing July 1, 1935, at a monthly rental of $30 per month.

"b. That the said lease shall contain an option for the purchase of said farm for the sum of $6,000 plus accrued taxes.

"c. That the purchase price is to be paid as follows: $1,000 upon the exercise of the option, the balance of $5,000 to be secured by a land contract, the terms of which shall provide for the payment of interest upon unpaid balances at the rate of 5 per cent. per annum, payable semiannually and for the additional payment of $300 per year upon the principal payable semiannually.

"d. That the option shall expire on January 1st, 1936, but in the event said option is exercised, all payments of rent under the lease up to the date of the exercise of said option shall be applied on the purchase price of said property.

"3. That your petitioner believes that the acceptance of said quitclaim deed and giving of lease with option for purchase as described herein is for the best interest of the estate and prays the court for an order authorizing your petitioner to enter into said lease and option for purchase, and for an order permitting your petitioner to accept a quitclaim deed of the above described property from the mortgagors."

The probate court entered an order granting to the executor the requested authority and thereafter, under date of July 16, 1935, the instruments referred to in the petition were duly executed and delivered. Plaintiffs' petition for relief under the mortgage moratorium act was dismissed by order entered July 18th following, plaintiffs consenting to such dismissal.

Plaintiffs remained in possession of the property, making, from time to time, payments aggregating

the sum of $180 during the six months' period prior to January 1, 1936. They were unable, however, to pay the sum of $1,000, as specified in the lease, on or before that date. However, they continued in possession of the property, and the undisputed testimony is to the effect that in March of 1936 plaintiffs offered to pay defendant the sum of $1,000. The record before us does not indicate that defendant declined to accept the money because of any claim on his part that plaintiffs had lost all their rights in the property, but rather for the reason, as stated by him at the time, that he had been informed that a payment in the sum of not less than $1,200 was required. In substance, he told the plaintiffs to continue to make such payments as they found possible until the said sum of $1,200 had been paid on principal. During the period from July 16, 1935, to and including February 4, 1943, plaintiffs paid to defendant a total of $3,580. It is not disputed that they also paid the taxes on the property, maintained the insurance, and expended considerable amounts from time to time for improvements. Included in the latter was a farm building claimed to have been erected at a cost of approximately $800. On or about February 4, 1943, plaintiffs remitted to defendant the sum of $350. As a result of such remittance the aggregate payment on principal which defendant had previously indicated he must receive was exceeded. Defendant further clearly indicated his position in the following letter which was dated February 5, 1943, and addressed to plaintiff Oscar Alber:

*"Dear Sir:*

"You will find attached receipted statement. Under the agreement and under the law which says 20 per cent. of the price must be paid before the contract can be taken, which I found out after that lawyer made out the papers. So now as I understand it, I

can give you the contract as soon as the December 1942, taxes have been paid. You will find attached my account.

Yours truly

G. M. BRADLEY, Executor.

"P.S. I was going to ask you about that note of $300 or $275 now paid. I cut the mortgage from $7200 to $6000 and as you are getting on your feet it seems as though you can take care of it now with some kind of payment. I never made you nor your mother any trouble over it. I have always tried to do the right thing by you and this is an honest debt.

G. M. B."

The statement referred to in the letter and attached thereto set forth the sum of $1,239.16 "Pd. off on contract," and the total balance remaining in the sum of $4,760.84. Following the receipt of the foregoing letter plaintiffs paid the taxes referred to therein and mailed the receipt to the defendant. The latter, however, failed to forward the contract, and in December, 1943, served a notice to quit on plaintiffs.

Suit was started on January 26, 1944, plaintiffs filing a bill of complaint asking the specific performance of an alleged land contract, an accounting, and injunctive relief. A motion to dismiss was denied. The case was tried in part in October, 1944, an adjournment taken, and in January, 1945, plaintiffs, having obtained leave of court to do so, filed an amended bill of complaint. Relief thereunder was sought on the theory that the deed executed by plaintiffs to defendant in July, 1935, was an equitable mortgage, and that plaintiffs were entitled to relief accordingly. Emma P. Henne and Charles P. Olson, who, with defendant Bradley, are the sole heirs of May N. Bradley, were joined as parties defendant. Trial was had in circuit court under the amended bill and the answer of the defendants thereto, and a decree entered for the plaintiffs granting the relief

sought.   Defendants Bradley and Henne have appealed.

The trial court came to the conclusion that under the undisputed facts in the case the parties regarded the foreclosure proceeding as continuing at the time the agreement was entered into in July, 1935, and the deed and lease executed in accordance therewith.   Attention is called to the language of the petition filed by defendant in probate court as supporting such conclusion.   The trial judge further found that the so-called lease-option arrangement amounted to a compromise of the indebtedness owing by the plaintiffs to the estate of Mrs. Bradley, and that the order of the probate court, based on the petition, was, in effect, a confirmation of such compromise. In his opinion the trial judge further pointed out, after detailing the facts at length, that the parties had operated for approximately eight years under a definite understanding, on which the plaintiffs relied, and that under the circumstances defendants were estopped to claim that plaintiffs had no right or interest in the property other than as tenants.   It is the claim of plaintiffs, in substance, that the trial court was correct in his conclusions and that in consequence the decree entered should be affirmed.   Appellants assert that the execution and delivery of the deed extinguished the indebtedness owing by plaintiffs to the estate of Mrs. Bradley, that plaintiffs parted with all title that they had in and to the property, that their rights were measured solely by the lease and option agreement, that the failure to exercise the option within the time specified therefor terminated all their rights, leaving them merely tenants holding at the pleasure of the defendant, and that the decree of the trial court, construing the deed as an equitable mortgage, is not sustained by the proofs.

· The principal question at issue in the case is the intention of the parties at the time they entered into their agreement in July, 1935. The determination as to such intention must be based on what was said and done tending to throw light on the matter, including of course the written instruments. It has been repeatedly held by this Court that an instrument in the form of an absolute deed of conveyance may be construed as a mortgage if given as security. *Wells* v. *Park,* 233 Mich. 277; *Skupinski* v. *Provident Mortgage Co.,* 244 Mich. 309; *Levenson* v. *Cohen,* 250 Mich. 31; *Rossman* v. *Hutchinson,* 289 Mich. 577. In *Spitzley* v. *Holmes,* 256 Mich. 559, it was said:

"When a deed given as security for an indebtedness is accompanied by a contract to repurchase, from the grantee to the grantor, the transaction is regarded as a mortgage."

In *Jankowski* v. *Szpieg,* 282 Mich. 397, this Court, in determining that the plaintiffs were entitled to have a deed construed as a mortgage, said:

"In these cases the issue is solely one of fact, *Coyle* v. *Sheehan,* 251 Mich. 586, and the only criterion is the intention of the parties, *Cornell* v. *Hall,* 22 Mich. 377. The court must first determine whether the debt was extinguished by the delivery of the deed, for if it was the instrument was then a deed and not a mortgage. *Swetland* v. *Swetland,* 3 Mich. 482. In finding on this fact, the court may take into consideration the adequacy of consideration. *Selik* v. *Goldman Realty Co.,* 240 Mich. 612; *Emerson* v. *Atwater,* 12 Mich. 314. Continued possession of the grantor long after the recording of his deed to another is sufficient to raise a presumption that he has retained some right in the land. *Stevens* v. *Hulin,* 53 Mich. 93."

Of like import is *Miskinis* v. *Bement,* 301 Mich. 365.

In the case at bar, it clearly appears that at the time of the transaction the parties did not consider that the rights of the plaintiffs in the property had been terminated. The petition for relief under the mortgage moratorium act was pending and defendant recognized the situation in his petition to the probate court of Eaton county for authority to carry out the arrangement that had been made. During the ensuing period of approximately eight years plaintiffs dealt with the property as their own, and did so with the knowledge and consent of the defendant. As above pointed out, they paid the taxes and maintained the insurance. They improved the property at considerable expense to themselves. Their conduct is not consistent with any theory except that they considered themselves indebted to the defendant in accordance with the compromise of the indebtedness secured by the mortgages. At the suggestion of the defendant, they continued their payments to him until the total amount thereof to be applied on the principal of their obligation exceeded $1,200. The letter of February 5, 1943, written by defendant to plaintiffs, above quoted, indicates that at that time defendant did not consider that plaintiffs had lost all their rights in the property. The parties by their conduct placed a practical interpretation on the arrangement, thus evidencing the intention with which they had entered into it. In commenting on a somewhat analogous situation, it was said in *McKeighan* v. *Citizens Commercial & Savings Bank of Flint,* 302 Mich. 666:

"In the case at bar the deed from McKeighan to the bank was in effect a mortgage. All interested parties treated it as a mortgage. The McKeighans made payments on the loan from the bank, platted the property, sold some pieces on contract, paid some taxes assessed against the property, exercised control over it and in all ways considered themselves

the owners subject to the indebtedness owing to the bank. In *Stevens* v. *Hulin,* 53 Mich. 93, we held that continued possession of the grantor long after the recording of his deed to another is sufficient to raise a presumption that he has retained some right in the land."

Under the facts in the case, appellants are scarcely in position to contend that the deed in question was an absolute conveyance and terminated all rights of ownership in the property on the part of the plaintiffs. What the parties actually did is inconsistent with such theory. Plaintiffs had a right to assume from defendant's acts and statements that he considered that the debtor-creditor relation continued in effect. Under this record defendant is now estopped to repudiate the assurances that, by word and conduct, he gave to plaintiffs. *Kole* v. *Lampen,* 191 Mich. 156; *Schudlich* v. *Yankee,* 272 Mich. 482.

The trial court correctly held that plaintiffs had made out a case entitling them to the relief sought. The decree, which was entered on the 16th of September, 1946, fixed the amount of the indebtedness owing by plaintiffs to the defendant as of that date, and required payment thereof within 30 days from and after the date of the decree. Because of the time that has elapsed, a recomputation of the amount of the indebtedness becomes necessary, as well as a modification of the time for payment as a condition to the granting of the relief sought. The cause is remanded to the trial court for the entry of a decree embodying necessary changes in the respects indicated. As so modified, the decree of the circuit court is affirmed, with costs to plaintiffs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.