## SIMINGTON v. GOLDSTEIN.

1. MORTGAGES—CONSTRUCTION OF DEED—INTENT.

The principal question for determination in a suit to construe a quitclaim deed a mortgage is the intention of the parties at the time the deed was executed and the determination must be based on what was said or done tending to throw light on the matter.

2. SAME—CONSTRUCTION OF DEED GIVEN AS SECURITY.

An instrument in the form of an absolute deed of conveyance may be construed as a mortgage, if given as security.

3. SAME—CONTINUED POSSESSION AFTER RECORDING OF DEED—PRESUMPTIONS.

A grantor's continued possession of land long after the recording of his deed to another, now claimed to be a mortgage, is sufficient to raise a presumption that the right to possession has been retained.

4. SAME—CONSTRUCTION OF DEED—CONSIDERATION.

Evidence, presented in suit to have quitclaim deed declared a mortgage, held, to show the parties did not intend that the rights of the grantors had terminated then, especially where the "purchase price," as claimed by defendant, consisted of the balance of a mortgage and costs, about half of the value of the premises, quite an inadequate consideration for a grantee who did not assume the mortgage.

5. APPEAL AND ERROR—PAYMENT—RECORD.

Ruling of trial court that plaintiffs had paid defendant only $285 instead of $385 is not disturbed on appeal from decree construing quitclaim deed to defendant as a mortgage, under record presented.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 36 Am Jur, Mortgages, § 125 et seq.
[3] 36 Am Jur, Mortgages, § 157.
[4] 36 Am Jur, Mortgages, § 153.
[4] Value of property as factor in determining whether deed intended as mortgage. 90 ALR 953.

**6.** INTEREST—EQUITY—COMPUTATION.

Interest was properly allowable to defendant to whom plaintiffs had quitclaimed their equity of redemption by a deed they now seek to have declared a mortgage, where plaintiffs offered to pay interest at rate of 7% in their bill of complaint, but it is to be computed as of time defendants made payments rather than from the date of the original transaction.

**7.** COSTS—PREVAILING PARTY—TRIAL COURT.

Plaintiffs, who prevailed in suit to have a quitclaim deed declared a mortgage, are awarded costs, where trial court in its opinion had allowed them costs although its decree provided neither party should have costs.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted April 5, 1951. (Docket No. 24, Calendar No. 45,056.) Decided June 4, 1951.

Bill by Leo L. Simington and wife against Isadore G. Goldstein and wife to have deed declared mortgage and to determine amount due thereunder. Decree for plaintiffs. Defendants appeal. Plaintiffs cross-appeal. Modified and affirmed.

*John Bloem,* for plaintiffs.

*Schaberg & Schaberg,* for defendants.

BUTZEL, J. Leo and Isa Simington, plaintiffs, owners by the entireties, obtained a $3,600 mortgage on their home from a Kalamazoo bank in August of 1947. In June of 1949, the plaintiffs were in default in their payments and the bank began foreclosure proceedings. Leo Simington approached Isadore Goldstein, defendant, and inquired about refinancing the mortgage. At that time the balance on the mortgage was $3,388.26, including $46 taxes. On June 4th the Simingtons gave Goldstein a quitclaim deed to the premises, and on June 10th Goldstein paid the bank $298.08, the amount in default, and also

the foreclosure costs of $95. The defaults on the mortgage were thus cured. For the next 16 months, the defendant paid the monthly instalments as they became due, but he never assumed the mortgage. No written agreement was entered into as to how the money should be repaid. The defendant claims that plaintiffs agreed to pay $500 within 30 days, at which time a land contract was to be entered into providing that plaintiffs could repurchase the premises for $4,250 with credit for the $500 if paid, but if not paid there was to be no contract and the deed was to become absolute. Plaintiffs claim that there was never any agreement either as to the method or amount of repayment.

Plaintiffs subsequently had an opportunity to sell the premises, offered to pay what they claimed was due, and requested a deed from the defendant, who refused. This action to have the deed construed as a mortgage followed. Dorotha Goldstein, Isadore's wife, was joined as a codefendant in order to extinguish any dower right she might claim. The trial court found that the deed was given as security and decreed that Goldstein reconvey, and that Simington reimburse Goldstein the amount that the court found due with interest at 7%. The court found that plaintiffs had already paid $285 (one payment of $200, another of $85), and this was deducted. Defendants appeal on the ground that the transaction was a sale and that the $285 which the Simingtons had paid was rent. Plaintiffs cross-appeal on the trial court's finding that they had only paid $285, on the allowance of any interest and on errors in the decree.

"The principal question at issue in the case is the intention of the parties at the time they entered into their agreement. * * * The determination as to such intention must be based on what was said and done tending to throw light on the matter. * * *

It has been repeatedly held by this Court that an instrument in the form of an absolute deed of conveyance may be construed as a mortgage if given as security." (Citing cases.) *Alber* v. *Bradley,* 321 Mich 255, 262.

The plaintiffs remained in possession from the time of the conveyance until this action was begun more than 13 months later.

"The continued possession of the grantor long after the recording of his deed to another is sufficient to raise a presumption that the right to the same has been retained." *Stevens* v. *Hulin,* 53 Mich 93.

Analyzing the facts, the "purchase price," as claimed by Goldstein, consisted of the balance of the mortgage and costs. This was about one-half of the value of the premises. The inadequacy of the consideration indicates that the parties did not consider the conveyance to be absolute. *Emerson* v. *Atwater,* 12 Mich 314; *Selik* v. *Goldman Realty Co.,* 240 Mich 612. Plaintiffs' brief calls attention to the fact that they would have a year after the foreclosure sale during which they might occupy the premises before the equity of redemption expired. The defendant now attempts to characterize the payments that he received as rent, but it is obvious that they were not so considered at the time they were made. They were irregular in both time and amount. It seems clear that the parties did not consider that the rights of the plaintiffs had been terminated at the time of the conveyance. See *Alber* v. *Bradley, supra,* for a discussion of the entire subject.

The plaintiffs claim on cross appeal that the trial court erred in its determination that only $285 has been paid. Plaintiffs assert that they paid an additional $100 but that the receipt was lost. The trial

judge held there was insufficient proof of the payment. We will not disturb his ruling on appeal.

The plaintiffs also claim that the defendant lost his right to interest, citing *Sultan* v. *Central Life Ins. Co. of Illinois*, 302 Mich 425. The *Sultan Case* has no application for the defendant did not file a cross bill for affirmative relief. The plaintiffs offered to pay interest at the rate of 7% per annum in their bill of complaint, and the trial court deemed it equitable to allow interest. There was no error.

There is merit in plaintiffs' final contention on cross appeal. In its opinion the trial court said:

"Mr. Goldstein should receive all that he has paid plus 7% interest thereon from the dates paid."

The decree, however, provided that plaintiffs should pay interest on the entire amount, the interest to be computed from the date of the original transaction. It also appears that no deduction was made in the computation for the sums which the plaintiffs had paid back to the defendant. The difference is very small. The decree also provided that neither of the parties should recover costs, although the trial court in its opinion allowed costs to the plaintiffs. The plaintiffs are entitled to a correct computation of interest and costs in the trial court.

The decree of the trial court, as modified, is affirmed. The cause is remanded in order that the errors in the decree may be corrected, the correct amount of interest computed and that the funds deposited in escrow by plaintiffs with the Kalamazoo county clerk may be disbursed. Costs to appellees.

Reid, C. J., and Boyles, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.